# PLAINTIFF'S EXHIBITS

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEVENTH REGIMENT ARMORY CONSERVANCY, INC.,

Plaintiff,

- against -

HOPE KNIGHT, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation,

Defendant.

No. 25-cv-7373 (GBD)(BCM)

**DEFENDANT'S**
**FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant Hope Knight, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation ("ESD") ("Defendant"), by her attorney, New York State Attorney General LETITIA JAMES, hereby requests that Plaintiff Seventh Regiment Armory Conservancy, Inc. ("Plaintiff") produce for copying and inspection each of the documents identified and described below that are in its possession, custody, or control, at the Office of the Attorney General, 28 Liberty Street, New York, New York 10005, in care of the undersigned counsel, within 30 days from the date of service thereof.

**GENERAL INSTRUCTIONS AND DEFINITIONS**

Unless specifically indicated or otherwise required by the context in which the terms, names, and instructions are used, the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 are incorporated herein by reference and shall apply to this document request and all responses thereto in addition to those definitions set forth herein.

A. "Complaint" refers to Plaintiff's Complaint, dated September 5, 2025 (ECF Doc. No. 1).

B. "ESD" refers to the Empire State Development Corporation.

C. "Plaintiff" refers to any employee, agent, or other person associated with the Seventh Regiment Conservancy, Inc.

D. In responding to these document requests, Plaintiff is to furnish all available information, including information in the possession of Plaintiff's employees or agents and all persons acting on Plaintiff's behalf. This includes documents presently in the possession, custody or control of Plaintiff's current and former attorneys, investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control, or who are acting on Plaintiff's behalf, or who have otherwise obtained possession, custody or control, or who, upon Plaintiff's request, would surrender possession, custody or control to Plaintiff. This also includes data stored on any third-party server or network which is accessible to Plaintiff, including without limitation, emails, cloud data, and data contained on social media sites.

E. Unless otherwise indicated, these requests apply to the period January 1, 2001 to December 31, 2007, and January 1, 2022 to the present.

F. Unless otherwise agreed by the parties, All document requests should be read to include a request for all metadata or other supplemental data associated with all documents and

electronic data responsive to the request. Plaintiff shall produce any such metadata or other supplemental data in accordance with the terms of any stipulation that the parties may enter into. In the event that no such stipulation is reached as of the time that Plaintiff produces any or all documents responsive to these requests, documents should be produced in an electronic format compatible with modern e-discovery databases (such as Concordance, Relativity, etc.). Documents can be delivered via file transfer protocol ("FTP"). Defendant requests that ESI be produced via FTP. If Plaintiff requires more specific instructions about ESI production specifications, Plaintiff should contact counsel.

G. If a document is available to Plaintiff both in paper and electronic form, Defendant requests that Plaintiff produce the requested document in electronic form, as described herein.

H. If Plaintiff cannot produce documents responsive to a document request in its entirety, Plaintiff shall so state in writing and shall produce documents responsive to all portions of said document request to which he is able to respond. Plaintiff shall specify in writing its inability to answer the remainder of the document request.

I. In the event that any document called for by these requests has been misplaced, lost or destroyed, that document is to be identified in writing as follows: (i) approximate date the document was misplaced, lost or destroyed; (ii) the circumstances of its having been misplaced, lost or destroyed; (iii) the last known person or persons who had custody of the document before it was misplaced, lost, or destroyed; and (iv) the contents of the document.

J. These document requests constitute continuing requests until the date of trial of this action, and Plaintiff is to produce all additional documents responsive to this request which it discovers, receives, or generates between the time of the original production and trial.

K. Upon failure to comply with these demands, Plaintiff may be precluded upon trial

of the within action from offering in evidence or testifying as to any of these demands or matters addressed by them.

L. A request for any document shall be deemed to include but is not limited to a request for the document itself, as well as any documents underlying, supporting, attached to (now or previously), sent with, kept with, or used in the preparation of the document. This includes but is not limited to any drafts of the requested document, any transmittal sheets or cover letters accompanying the requested document, any exhibits or attachments to the requested document, and any enclosures sent with the requested document.

M. If there are no documents responsive to a category requested herein, Plaintiff shall so state in writing.

N. The requests herein are to be construed broadly, so as to bring within their scope all documents that, by a more restrictive interpretation, might be deemed non-responsive.

## DOCUMENT REQUESTS

1. All documents referenced in the Complaint and/or relied upon in preparing the Complaint.

2. All documents relating to any of the allegations in the Complaint.

3. All documents obtained from any subpoena relating to any of the allegations in the Complaint.

4. All documents obtained from any request submitted pursuant to the Freedom of Information Act (FOIA) or New York State Freedom of Information Law (FOIL) relating to any of the allegations in the Complaint.

5. All documents identified, referred to, or relied upon in the preparation of Plaintiff's responses to Defendant's First Set of Interrogatories.

6. All communications between any employee or agent of Plaintiff and any agent of the New York State Division of Military and Naval Affairs relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

7. All communications between any employee or agent of Plaintiff and any agent of the Knickerbocker Greys relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

8. All communications between any employee or agent of Plaintiff and any agent of the Veterans of the Seventh Regiment relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

9. All communications between any employee or agent of Plaintiff and any member or agent of the New York State Assembly and/or the New York State Senate relating to any of the

allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

10. All communications between any employee or agent of Plaintiff and any architects relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

11. All communications between any employee or agent of Plaintiff and any member of Community Board 8 relating to any of the allegations in the Complaint between January 1, 2022 and the present.

12. All communications between any employee or agent of Plaintiff and any public relations firm or lobbying firm relating to any of the allegations in the Complaint between January 1, 2022 and the present.

13. All communications between any employee or agent of Plaintiff and any agent of any Armory in the City of New York relating to any of the allegations in the Complaint between January 1, 2022 and the present.

14. All communications between any employee or agent of Plaintiff and any representative of any news organization relating to any of the allegations in the Complaint between January 1, 2022 and the present.

15. All photographs and/or videotapes relating to any of the allegations in the Complaint, including but not limited to any photographs of the space demised to Plaintiff between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

16. All communications between any employee or agent of Plaintiff and anyone that Plaintiff intends to call as a witness in a trial for this case between January 1, 2022 and the present.

17. All minutes of any meetings held by Plaintiff relating to any of the allegations in

the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

18. All documents referencing the Knickerbocker Greys between January 1, 2001 to December 31, 2007, and between January 1, 2022 and the present.

19. All documents sufficient to establish Plaintiff's annual funding between January 1, 2022 and the present.

20. All documents sufficient to establish Plaintiff's organization between 2001 and the present, including but not limited to articles of incorporation, bylaws, and other organizational instruments.

21. All floor plans from 2001 to the present relating to the Park Avenue Armory, including but not limited to any space demised to Plaintiff.

22. All Annual Certifications of Promotion of Public Goals submitted by Plaintiff between January 1, 2006 and the present, pursuant to Section 42.03 of the 2006 Lease entered between Plaintiff and the State of New York.

23. All notices to vacate issued by Plaintiff to any individual or organization between January 1, 2001 and the present.

24. All documents relating to Plaintiff's use of the Armory for hosting social events between January 1, 2022 and the present, including but not limited to Plaintiff's annual gala.

25. All documents relating to Plaintiff's use of the Armory for any purpose in addition to arts education and arts performance between January 1, 2022 to the present, including but not limited to all event registration forms.

26. All documents submitted by Plaintiff to any governmental agency representing the number of individuals employed by Plaintiff between January 1, 2018 and the present, including

but not limited to Plaintiff's applications to the Paycheck Protection Program.

27. All reports and/or assessments generated by any architectural firm relating to the Park Avenue Armory from 2001 to the present.

28. All agreements between Plaintiff and any organization between 2006 and 2022, including but not limited to license agreements between Plaintiff and the Knickerbocker Greys.

29. All documents sufficient to establish any capital campaign conducted by Plaintiff between 1999 and the present.

30. All documents sufficient to establish any grants Plaintiff has received from the State of New York, City of New York, or any other government agency between 1999 and the present.

31. All documents submitted by Plaintiff to ESD and/or any agency of the State of New York related to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

32. All documents relating to the Park Avenue Armory's "physical condition" and "state of disrepair" in the 1990s, as alleged in paragraph 32 of the Complaint.

33. All documents relating to Plaintiff's submission of a bid in response to ESD's March 1999 Request for Proposals, as alleged in paragraphs 33-34 of the Complaint.

34. All documents relating to the New York State Legislature's enactment of Chapter 482 in 2004, as alleged in paragraphs 35-40 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 482.

35. All documents relating to the 2006 Lease between Plaintiff and the State of New York, as alleged in paragraphs 41-46 of the Complaint, including but not limited to any draft versions of the Lease and any amendments to the Lease.

36. All documents relating to Plaintiff's "efforts" to fulfill the 2006 Lease, as alleged in paragraphs 47-54 of the Complaint.

37. All documents relating to Plaintiff's capital improvement project, as alleged in paragraphs 55-57 of the Complaint.

38. All documents relating to Plaintiff's allegation that the Armory is "currently fully occupied," as alleged in paragraphs 58-59 of the Complaint.

39. All documents relating to Plaintiff's usage of each room and/or space in the Basement, First Floor, Second Floor, Third Floor and Fifth Floor between January 1, 2022 and the present, as alleged in paragraph 59 of the Complaint.

40. All documents relating to the Knickerbocker Greys' prior use of the Armory, as alleged in paragraphs 60-66 of the Complaint, including but not limited to the Greys' activities in 2006.

41. All documents relating to Plaintiff's demand that the Knickerbocker Greys vacate the Armory, as alleged in paragraphs 67-72 of the Complaint.

42. All documents relating to the New York State Legislature's enactment of Chapter 659 in 2024, as alleged in paragraphs 73-83 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 659.

43. All documents sufficient to establish Plaintiff's contract with the European Fine Art Foundation ("TEFEF") between January 1, 2022 and the present, as referenced in paragraphs 5-6 of the October 14, 2025 supplemental declaration of Rebecca Robertson ("Robertson Supplemental Declaration").

44. All documents sufficient to establish TEFAF's "security protocols," as referenced

in paragraph 7 of the Robertson Supplemental Declaration.

45. All documents relating to the "third parties" who "rely on exclusive access to the Drill Hall and second floor" between January 1, 2022 and the present, as referenced in paragraph 8 of the Robertson Supplemental Declaration.

46. All documents relating to Plaintiff's "programming" taking place in the Armory's historic rooms between January 1, 2022 and the present, as referenced in paragraph 3 of the October 14, 2025 Declaration of Michael Lonergan ("Lonergan Declaration").

47. All documents relating to the "Company Room" provided to Artists in Residence between January 1, 2022 and the present, as referenced in paragraph 4 of the Lonergan Declaration.

48. All documents relating to the "site-specific performances" held in the Drill Hall between January 1, 2022 and the present, as referenced in paragraph 5 of the Lonergan Declaration.

49. All documents relating to Plaintiff's usage of "Room K" in the Armory between January 1, 2022 and the present.

50. All documents relating to Plaintiff's usage of the second floor hallway between January 1, 2022 and the present, as referenced in paragraph 7 of the Lonergan Declaration.

51. All documents relating to Plaintiff's usage of the fifth-floor rehearsal room between January 1, 2022 and the present.

52. All documents relating to any off-site rehearsals conducted by any Artist in Residence associated with Plaintiff between January 1, 2022 and the present.

53. All contracts between Plaintiff and performing arts companies between January 1, 2022 and the present, as referenced in paragraph 10 of the Lonergan Declaration.

54. All documents relating to the "displacement and associated out-of-pocket costs" between January 1, 2022 and the present, as referenced in paragraph 12 of the Lonergan

Declaration.

55. All contracts governing the usage of the Rehearsal Room as of this date.

56. All documents relating to any actual or anticipated contracts governing the usage of the Rehearsal Room between this date and December 31, 2026.

57. All documents relating to the assertion that costs "would continue to be incurred by the Conservancy into the future," as referenced in paragraph 30 of the Lonergan Declaration.

58. All documents relating to the "[f]oundations and private funders that support the Conservancy's arts education programs" between January 1, 2022 and the present, as referenced in paragraph 4 of the October 14, 2025 Declaration of Cassidy Jones ("Jones Declaration").

59. All documents relating to the Production-Based Programming offered by Plaintiff between January 1, 2022 and the present, as referenced in paragraph 6 of the Jones Declaration.

60. All documents relating to Plaintiff's Youth Corps program between January 1, 2022 and the present, as referenced in paragraph 7 of the Jones Declaration.

61. All documents relating to the "weekly meetings" amongst Plaintiff's departments "to manage the complex puzzle of room usage" between January 1, 2022 and the present, as referenced in paragraph 8 of the Jones Declaration.

62. All documents relating to the arts education activities taking place in the Rehearsal Room between January 1, 2022 and the present, as referenced in paragraph 11 of the Jones Declaration.

63. All documents (a) produced by Plaintiff in Seventh Regiment Armory Conservancy, Inc. v. Knickerbocker Greys, Index No. LT-300293-23/NY (Civil Court of the City of N.Y.) and (b) received by Plaintiff in the proceeding.

64. All documents relating to any lawsuit, or judicial or administrative proceeding, in

which Plaintiff was a party, from January 1, 2001 to the present, including but not limited to Seventh Regiment Fund v. Pataki, No. 01-cv-0819 (SDNY); Fitzgerald v. Thompson, et al., No. 07-cv-6851 (SDNY); Dalva v. Pataki, Index No. 116965/2005 (Sup. Ct. N.Y. Cty.) and In re Chu, Index No. 103638/2006 (Sup. Ct. N.Y. Cty.).

Dated: New York, New York.
March 13, 2026

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant*

By:

______________________
Yuval Rubinstein
Special Litigation Counsel
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8673
yuval.rubinstein@ag.ny.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of March, 2026, I served a true and correct copy of Defendant's First Set of Document Requests to Plaintiff, via email, upon:

Joshua E. Hollander
Katherine C. Gauthier
Jacob M. Sievers
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154
jhollander@loeb.com
kgauthier@loeb.com
jsievers@loeb.com
*Attorneys for Plaintiff*

Yuval Rubinstein

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEVENTH REGIMENT ARMORY CONSERVANCY, INC., Plaintiff, -against- HOPE KNIGHT, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation, Defendant. | Case No. 25-CV-7373 (GBD) (BCM) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO**
**<u>DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Seventh Regiment Armory Conservancy, Inc. (the "Conservancy" or "Plaintiff"), by its attorneys, Loeb & Loeb LLP, hereby responds and objects to the First Set of Document Requests (each a "Request") of Defendant Hope Knight, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation ("Defendant"), dated March 13, 2026, as follows:

## <u>GENERAL OBJECTIONS</u>[1]

1. Each of the following general objections ("General Objections") are hereby incorporated by reference into each specific response, regardless of whether specific reference is made therein.

[1] Undefined terms herein have the meaning ascribed to them in Seventh Regiment Armory Conservancy, Inc.'s First Set of Requests for the Production of Documents to Defendant.

2. Plaintiff's responses and objections to the Requests are based on documents or information presently known to Plaintiff or its attorneys in this matter at this time. Plaintiff reserves the right to supplement or amend any or all of the objections and responses herein (including any portion thereof).

3. Plaintiff objects to the Requests, including Defendant's definitions and instructions, to the extent they purport to impose obligations on Plaintiff beyond those set forth in the Federal Rules or Local Rules.

4. Plaintiff objects to the Requests to the extent they seek production of documents protected from disclosure by the attorney-client privilege, work product doctrine, investigative and consulting expert privileges or any other applicable privilege or doctrine. Any document subject to any such privilege that is inadvertently produced by Plaintiff shall not constitute or be deemed to constitute a waiver of such privilege or doctrine and Plaintiff reserves its rights to demand the return of any inadvertently produced documents or information.

5. Plaintiff objects to the Requests to the extent they are overly broad, unduly burdensome and not proportional to the needs of the case.

6. Plaintiff objects to the Requests to the extent they are not limited in time.

7. Plaintiff objects to the Requests to the extent they seek documents and information that are not relevant to any party's claims or defenses. Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Plaintiff as to the relevance, materiality or admissibility of any information. Plaintiff expressly reserves the right to object to the admissibility of any portion of the documents or information contained therein produced in response to the Requests.

8. Plaintiff objects to the Requests to the extent they seek documents not in Plaintiff's possession, custody, or control.

9. Plaintiff objects to each and every Request to the extent it is repetitive and/or duplicative of any other present or future Request by Defendant.

10. Plaintiff objects to the Requests to the extent they seek the production of electronic documents outside the keyword, custodian and date limitations to be agreed upon by the parties.

11. Plaintiff objects to the Defendant's instructions to the extent they seek the production of electronic documents inconsistent with the ESI Protocol to be agreed upon by the parties.

12. Plaintiff objects to the Requests to the extent they are argumentative and/or improperly mischaracterize the facts, actions or inactions by Plaintiff or Defendant. By responding to any of the Requests or producing any documents or information, Plaintiff does not adopt or admit to Defendant's characterizations of any documents, facts, theories, or conclusions, nor does Plaintiff admit that the documents or information produced reflect any fact, characterization, or conclusion asserted by Defendant.

13. A response to a specific Request stating that Plaintiff will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that to the extent responsive, non-privileged documents do exist and are in the possession, custody or control of Plaintiff, they will be produced in accordance with the terms of Plaintiff's response to the Request.

14. Plaintiff objects to the Requests to the extent they seek information or documents that were prepared, generated, or received in anticipation of litigation.

15. Plaintiff objects to the Requests to the extent they are vague, ambiguous or confusing in the context of this action.

16. Plaintiff objects to the Requests to the extent they assume the existence of facts not in evidence, improperly call for legal conclusions in the context of this action, or both.

17. Plaintiff objects to the Requests to the extent they require Plaintiff to form, read, set forth, or perform any legal analysis.

18. Plaintiff objects to the Requests to the extent they are premature and seek information regarding experts.

19. Plaintiff expressly reserves the right to amend these objections and responses to the extent that any new information is discovered that would further inform Plaintiff's responses.

20. The responses and objections contained herein are neither intended to be, nor shall be, construed as an admission, concession, or waiver by Plaintiff of any kind, including but not limited to the relevance, materiality, or admissibility of any document. By responding to the Requests, or producing documents or information, Plaintiff does not admit to or concede Defendant's characterizations of any documents, facts, theories, or conclusions.

21. Any production of documents or information in response to the Requests shall be expressly governed by an agreed-upon protective order.

22. As set forth below, in addition to the foregoing General Objections, Plaintiff has also asserted specific responses and objections to the Requests (the "Specific Responses and Objections"). The Specific Responses and Objections shall not be construed as limiting, restricting, or waiving any of the foregoing General Objections, all of which are expressly incorporated into each of the Specific Responses and Objections as if fully set forth therein.

## **SPECIFIC RESPONSES AND OBJECTIONS**

**DOCUMENT REQUEST NO. 1:**

All documents referenced in the Complaint and/or relied upon in preparing the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 2:**

All documents relating to any of the allegations in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all Documents relating to ***any*** of the allegations in the Complaint." (emphasis added).

This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 3:**

All documents obtained from any subpoena relating to any of the allegations in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 4:**

All documents obtained from any request submitted pursuant to the Freedom of Information Act (FOIA) or New York State Freedom of Information Law (FOIL) relating to any of the allegations in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 5:**

All documents identified, referred to, or relied upon in the preparation of Plaintiff's responses to Defendant's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 6:**

All communications between any employee or agent of Plaintiff and any agent of the New York State Division of Military and Naval Affairs relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent" of the New York State Division of Military and Naval Affairs ("DMNA") "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 7:**

All communications between any employee or agent of Plaintiff and any agent of the Knickerbocker Greys relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent" of the Knickerbocker Greys "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the

extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 8:**

All communications between any employee or agent of Plaintiff and any agent of the Veterans of the Seventh Regiment relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent" of the Veterans of the Seventh Regiment "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 9:**

All communications between any employee or agent of Plaintiff and any member or agent of the New York State Assembly and/or the New York State Senate relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any member or agent" of the New York State Assembly and/or New York State Senate "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 10:**

All communications between any employee or agent of Plaintiff and any architects relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all

communications" with "any architects" "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 11:**

All communications between any employee or agent of Plaintiff and any member of Community Board 8 relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any member" of Community Board 8 "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 12:**

All communications between any employee or agent of Plaintiff and any public relations firm or lobbying firm relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any public relations firm or lobbying firm" "relating to any of the allegations in the Complaint." Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 13:**

All communications between any employee or agent of Plaintiff and any agent of any Armory in the City of New York relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent of any Armory in the City of New York" "relating to any of the allegations in the Complaint." This Request is not proportional to the

needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 14:**

All communications between any employee or agent of Plaintiff and any representative of any news organization relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any representative of any news organization" "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 15:**

All photographs and/or videotapes relating to any of the allegations in the Complaint, including but not limited to any photographs of the space demised to Plaintiff between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any

party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all photographs and/or videotapes relating to any of the allegations in the Complaint." Plaintiff further objects to this Request as overly broad, unduly burdensome, oppressive, and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 16:**

All communications between any employee or agent of Plaintiff and anyone that Plaintiff intends to call as a witness in a trial for this case between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as premature to the extent it seeks information regarding witnesses Plaintiff intends to call at trial; such information is more properly the subject of pre-trial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 17:**

All minutes of any meetings held by Plaintiff relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all minutes of any meetings" "relating to any of the allegations in the Complaint." Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as overly broad, unduly burdensome, oppressive, and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 18:**

All documents referencing the Knickerbocker Greys between January 1, 2001 to December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents referencing the Knickerbocker Greys" without limitation as to subject matter. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request

to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 19:**

All documents sufficient to establish Plaintiff's annual funding between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff further objects to this Request as overly broad, unduly burdensome, oppressive, and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 20:**

All documents sufficient to establish Plaintiff's organization between 2001 and the present, including but not limited to articles of incorporation, bylaws, and other organizational instruments.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the

extent it seeks organizational documents from 2001 to the present, a span of over 25 years. This Request is not proportional to the needs of the case.

Plaintiff will not produce documents in response to this Request except to the extent Plaintiff will produce its current articles of incorporation and bylaws.

**DOCUMENT REQUEST NO. 21:**

All floor plans from 2001 to the present relating to the Park Avenue Armory, including but not limited to any space demised to Plaintiff.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all floor plans from 2001 to the present," a span of over 25 years. This Request is not proportional to the needs of the case.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 22:**

All Annual Certifications of Promotion of Public Goals submitted by Plaintiff between January 1, 2006 and the present, pursuant to Section 42.03 of the 2006 Lease entered between Plaintiff and the State of New York.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 23:**

All notices to vacate issued by Plaintiff to any individual or organization between January 1, 2001 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all notices to vacate issued by Plaintiff to any individual or organization" from January 1, 2001 to the present, a span of over 25 years. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 24:**

All documents relating to Plaintiff's use of the Armory for hosting social events between January 1, 2022 and the present, including but not limited to Plaintiff's annual gala.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" "relating to Plaintiff's use of the Armory for hosting social events." Plaintiff further objects to this Request as oppressive and harassing, given that it seeks

limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 25:**

All documents relating to Plaintiff's use of the Armory for any purpose in addition to arts education and arts performance between January 1, 2022 to the present, including but not limited to all event registration forms.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" "relating to Plaintiff's use of the Armory for any purpose" from January 1, 2022 to the present. Plaintiff further objects to this Request as oppressive and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 26:**

All documents submitted by Plaintiff to any governmental agency representing the number of individuals employed by Plaintiff between January 1, 2018 and the present, including but not limited to Plaintiff's applications to the Paycheck Protection Program.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome, oppressive, and harassing, given that it seeks information that is not relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 27:**

All reports and/or assessments generated by any architectural firm relating to the Park Avenue Armory from 2001 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all reports and/or assessments generated by any architectural firm" from 2001 to the present, a span of over 25 years. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 28:**

All agreements between Plaintiff and any organization between 2006 and 2022, including but not limited to license agreements between Plaintiff and the Knickerbocker Greys.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all agreements between Plaintiff and any organization" over a 16-year period. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 29:**

All documents sufficient to establish any capital campaign conducted by Plaintiff between 1999 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" concerning "any capital campaign" over a 27-year period. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses

in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 30:**

All documents sufficient to establish any grants Plaintiff has received from the State of New York, City of New York, or any other government agency between 1999 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" concerning "any grants Plaintiff has received from the State of New York, City of New York, or any other government agency" over a 25-year period. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 31:**

All documents submitted by Plaintiff to ESD and/or any agency of the State of New York related to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any

party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" submitted to "any agency of the State of New York." Plaintiff objects to this Request to the extent that such documents are already within Defendant's possession, custody or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 32:**

All documents relating to the Park Avenue Armory's "physical condition" and "state of disrepair" in the 1990s, as alleged in paragraph 32 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" concerning "the Park Avenue Armory's 'physical condition' and 'state of disrepair.'" Plaintiff further objects to this Request as oppressive, harassing, not

proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 33:**

All documents relating to Plaintiff's submission of a bid in response to ESD's March 1999 Request for Proposals, as alleged in paragraphs 33-34 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 2. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 34:**

All documents relating to the New York State Legislature's enactment of Chapter 482 in 2004, as alleged in paragraphs 35-40 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 482.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 2. Plaintiff

further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to Chapter 482's enactment. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 35:**

All documents relating to the 2006 Lease between Plaintiff and the State of New York, as alleged in paragraphs 41-46 of the Complaint, including but not limited to any draft versions of the Lease and any amendments to the Lease.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 2. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" "relating to the 2006 Lease." Plaintiff objects to this Request to the extent that such documents are already within Defendant's possession, custody or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 36:**

All documents relating to Plaintiff's "efforts" to fulfill the 2006 Lease, as alleged in paragraphs 47-54 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request because the term "efforts" is vague and ambiguous. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 37:**

All documents relating to Plaintiff's capital improvement project, as alleged in paragraphs 55-57 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-

client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 38:**

All documents relating to Plaintiff's allegation that the Armory is "currently fully occupied," as alleged in paragraphs 58-59 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 39. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 39:**

All documents relating to Plaintiff's usage of each room and/or space in the Basement, First Floor, Second Floor, Third Floor and Fifth Floor between January 1, 2022 and the present, as alleged in paragraph 59 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 38. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 40:**

All documents relating to the Knickerbocker Greys' prior use of the Armory, as alleged in paragraphs 60-66 of the Complaint, including but not limited to the Greys' activities in 2006.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 41:**

All documents relating to Plaintiff's demand that the Knickerbocker Greys vacate the Armory, as alleged in paragraphs 67-72 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 42:**

All documents relating to the New York State Legislature's enactment of Chapter 659 in 2024, as alleged in paragraphs 73-83 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 659.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 34. Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to Chapter 659's enactment. Plaintiff further objects to this Request to the

extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 43:**

All documents sufficient to establish Plaintiff's contract with the European Fine Art Foundation ("TEFEF") between January 1, 2022 and the present, as referenced in paragraphs 5-6 of the October 14, 2025 supplemental declaration of Rebecca Robertson ("Robertson Supplemental Declaration").

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking information beyond the scope of and not relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including TEFAF. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 44:**

All documents sufficient to establish TEFAF's "security protocols," as referenced in paragraph 7 of the Robertson Supplemental Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 43. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including TEFAF's security protocols. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 45:**

All documents relating to the "third parties" who "rely on exclusive access to the Drill Hall and second floor" between January 1, 2022 and the present, as referenced in paragraph 8 of the Robertson Supplemental Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to third-party use of the Drill Hall and second floor. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of

the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 46:**

All documents relating to Plaintiff's "programming" taking place in the Armory's historic rooms between January 1, 2022 and the present, as referenced in paragraph 3 of the October 14, 2025 Declaration of Michael Lonergan ("Lonergan Declaration").

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "'programming' taking place in the Armory's historic rooms." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 47:**

All documents relating to the "Company Room" provided to Artists in Residence between January 1, 2022 and the present, as referenced in paragraph 4 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "'Company Room[s]' provided to Artists in Residence." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 48:**

All documents relating to the "site-specific performances" held in the Drill Hall between January 1, 2022 and the present, as referenced in paragraph 5 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the

extent it seeks "all documents" relating to performances held in the Drill Hall. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 49:**

All documents relating to Plaintiff's usage of "Room K" in the Armory between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "usage of 'Room K.'" Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 50:**

All documents relating to Plaintiff's usage of the second floor hallway between January 1, 2022 and the present, as referenced in paragraph 7 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "the second floor hallway." Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including information about minors. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 51:**

All documents relating to Plaintiff's usage of the fifth-floor rehearsal room between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "the fifth-floor rehearsal room." Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including information about minors.

Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 52:**

All documents relating to any off-site rehearsals conducted by any Artist in Residence associated with Plaintiff between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "any off-site rehearsals conducted by any Artist in Residence associated with Plaintiff." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 53:**

All contracts between Plaintiff and performing arts companies between January 1, 2022 and the present, as referenced in paragraph 10 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all contracts" with any "performing arts companies." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 54:**

All documents relating to the "displacement and associated out-of-pocket costs" between January 1, 2022 and the present, as referenced in paragraph 12 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and

defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 55:**

All contracts governing the usage of the Rehearsal Room as of this date.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 56:**

All documents relating to any actual or anticipated contracts governing the usage of the Rehearsal Room between this date and December 31, 2026.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 51 and 55. Plaintiff further objects to this Request as premature to the extent it seeks documents relating to "anticipated contracts." Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and

defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 57:**

All documents relating to the assertion that costs "would continue to be incurred by the Conservancy into the future," as referenced in paragraph 30 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request No. 54. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 58:**

All documents relating to the "[f]oundations and private funders that support the Conservancy's arts education programs" between January 1, 2022 and the present, as referenced in paragraph 4 of the October 14, 2025 Declaration of Cassidy Jones ("Jones Declaration").

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "[f]oundations and private funders that support the

Conservancy's arts education programs." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 59:**

All documents relating to the Production-Based Programming offered by Plaintiff between January 1, 2022 and the present, as referenced in paragraph 6 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "Production-Based Programming offered by Plaintiff." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 60:**

All documents relating to Plaintiff's Youth Corps program between January 1, 2022 and the present, as referenced in paragraph 7 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "Plaintiff's Youth Corps program." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 61:**

All documents relating to the "weekly meetings" amongst Plaintiff's departments "to manage the complex puzzle of room usage" between January 1, 2022 and the present, as referenced in paragraph 8 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 62:**

All documents relating to the arts education activities taking place in the Rehearsal Room between January 1, 2022 and the present, as referenced in paragraph 11 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "the arts education activities taking place in the Rehearsal Room." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 63:**

All documents (a) produced by Plaintiff in Seventh Regiment Armory Conservancy, Inc. v. Knickerbocker Greys, Index No. LT-300293-23/NY (Civil Court of the City of N.Y.) and (b) received by Plaintiff in the proceeding.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" both produced and received in a separate proceeding without limitation as to subject matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 64:**

All documents relating to any lawsuit, or judicial or administrative proceeding, in which Plaintiff was a party, from January 1, 2001 to the present, including but not limited to Seventh Regiment Fund v. Pataki, No. 01-cv-0819 (SDNY); Fitzgerald v. Thompson, et al., No. 07-cv-6851 (SDNY); Dalva v. Pataki, Index No. 116965/2005 (Sup. Ct. N.Y. Cty.) and In re Chu, Index No. 103638/2006 (Sup. Ct. N.Y. Cty.).

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any lawsuit, or judicial or administrative proceeding, in which Plaintiff was a party, from January 1, 2001 to the present," which encompasses any and all litigation involving Plaintiff over a 25-year period, including matters wholly unrelated to this action. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

Dated: New York, New York
April 13, 2026

LOEB & LOEB LLP

By: /s/ *Joshua E. Hollander*

Joshua E. Hollander
Katherine C. Gauthier
Jacob M. Sievers
345 Park Avenue
New York, New York 10154
Tel. (212) 407-4000
jhollander@loeb.com
kgauthier@loeb.com
jsievers@loeb.com

*Attorneys for Seventh Regiment Armory Conservancy, Inc.*

# EXHIBIT C

**Total**

| No. | Search Terms | Doc Count | De-Duped Docs | De-Duped Docs w/Family |
|---|---|---|---|---|
| 1 | Greys OR Grays | 7,012 | 3,236 | 5,139 |
| 2 | KG OR KGs OR KG’s | 3,145 | 1,647 | 3,329 |
| 3 | Rogatnick | 3,024 | 1,068 | 1,885 |
| 4 | Menagon | 16 | 7 | 17 |
| 5 | Pike | 404 | 319 | 710 |
| 6 | Krueger | 1,818 | 1,367 | 2,769 |
| 7 | Bores | 311 | 224 | 309 |
| 8 | S.7212 OR S7212 | 264 | 124 | 177 |
| 9 | A.7686 OR A7686 | 179 | 111 | 154 |
| 10 | law OR legislation OR statute OR Senate OR Assembly (January 1, 2004 to December 31, 2004; January 1, 2024 to December 31, 2024) | 25 | 19 | 37 |
| 11 | Sarra OR Hale-Stern | 57 | 50 | 85 |
| 12 | Lease AND ESD | 747 | 519 | 946 |
| 13 | Lease AND DMNA | 2,856 | 1,026 | 2,363 |
| 14 | Community Board | 1,731 | 1,185 | 2,423 |
| 15 | Murphy (January 1, 2004 to December 31, 2007) | 6 | 3 | 3 |
| 16 | Bright (January 1, 2004 to December 31, 2007) | 0 | 0 | 0 |
| 17 | Friess (January 1, 2004 to December 31, 2007) | 2 | 1 | 1 |
| 18 | Mildenberger (January 1, 2001 to December 31, 2007) | 4 | 2 | 2 |
| 19 | Berens (January 1, 2001 to December 31, 2007) | 5 | 3 | 3 |
| 20 | Sherman (January 1, 2001 to December 31, 2007) | 2 | 1 | 1 |
| 21 | Gargano (January 1, 2001 to December 31, 2007) | 6 | 3 | 3 |
| 22 | Taluto (January 1, 2004 to December 31, 2007) | 0 | 0 | 0 |
| 23 | Bing (January 1, 2004 to December 31, 2004) | 0 | 0 | 0 |
| 24 | S.7750 OR S7750 (January 1, 2004 to December 31, 2004) | 0 | 0 | 0 |
| 25 | A.11817 OR A11817 (January 1, 2004 to December 31, 2004) | 0 | 0 | 0 |
| | **TOTAL** | **13,286** | **7,222** | **12,754** |