# DEFENDANT'S EXHIBITS

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEVENTH REGIMENT ARMORY CONSERVANCY, INC.,

Plaintiff,

- against -

HOPE KNIGHT, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation,

Defendant.

No. 25-cv-7373 (GBD)(BCM)

**DEFENDANT'S**
**FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant Hope Knight, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation ("ESD") ("Defendant"), by her attorney, New York State Attorney General LETITIA JAMES, hereby requests that Plaintiff Seventh Regiment Armory Conservancy, Inc. ("Plaintiff") produce for copying and inspection each of the documents identified and described below that are in its possession, custody, or control, at the Office of the Attorney General, 28 Liberty Street, New York, New York 10005, in care of the undersigned counsel, within 30 days from the date of service thereof.

**GENERAL INSTRUCTIONS AND DEFINITIONS**

Unless specifically indicated or otherwise required by the context in which the terms, names, and instructions are used, the Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 are incorporated herein by reference and shall apply to this document request and all responses thereto in addition to those definitions set forth herein.

A. "Complaint" refers to Plaintiff's Complaint, dated September 5, 2025 (ECF Doc. No. 1).

B. "ESD" refers to the Empire State Development Corporation.

C. "Plaintiff" refers to any employee, agent, or other person associated with the Seventh Regiment Conservancy, Inc.

D. In responding to these document requests, Plaintiff is to furnish all available information, including information in the possession of Plaintiff's employees or agents and all persons acting on Plaintiff's behalf. This includes documents presently in the possession, custody or control of Plaintiff's current and former attorneys, investigators, or any third party or parties to whom Plaintiff has surrendered possession, custody or control, or who are acting on Plaintiff's behalf, or who have otherwise obtained possession, custody or control, or who, upon Plaintiff's request, would surrender possession, custody or control to Plaintiff. This also includes data stored on any third-party server or network which is accessible to Plaintiff, including without limitation, emails, cloud data, and data contained on social media sites.

E. Unless otherwise indicated, these requests apply to the period January 1, 2001 to December 31, 2007, and January 1, 2022 to the present.

F. Unless otherwise agreed by the parties, All document requests should be read to include a request for all metadata or other supplemental data associated with all documents and

electronic data responsive to the request. Plaintiff shall produce any such metadata or other supplemental data in accordance with the terms of any stipulation that the parties may enter into. In the event that no such stipulation is reached as of the time that Plaintiff produces any or all documents responsive to these requests, documents should be produced in an electronic format compatible with modern e-discovery databases (such as Concordance, Relativity, etc.). Documents can be delivered via file transfer protocol ("FTP"). Defendant requests that ESI be produced via FTP. If Plaintiff requires more specific instructions about ESI production specifications, Plaintiff should contact counsel.

G. If a document is available to Plaintiff both in paper and electronic form, Defendant requests that Plaintiff produce the requested document in electronic form, as described herein.

H. If Plaintiff cannot produce documents responsive to a document request in its entirety, Plaintiff shall so state in writing and shall produce documents responsive to all portions of said document request to which he is able to respond. Plaintiff shall specify in writing its inability to answer the remainder of the document request.

I. In the event that any document called for by these requests has been misplaced, lost or destroyed, that document is to be identified in writing as follows: (i) approximate date the document was misplaced, lost or destroyed; (ii) the circumstances of its having been misplaced, lost or destroyed; (iii) the last known person or persons who had custody of the document before it was misplaced, lost, or destroyed; and (iv) the contents of the document.

J. These document requests constitute continuing requests until the date of trial of this action, and Plaintiff is to produce all additional documents responsive to this request which it discovers, receives, or generates between the time of the original production and trial.

K. Upon failure to comply with these demands, Plaintiff may be precluded upon trial

of the within action from offering in evidence or testifying as to any of these demands or matters addressed by them.

L. A request for any document shall be deemed to include but is not limited to a request for the document itself, as well as any documents underlying, supporting, attached to (now or previously), sent with, kept with, or used in the preparation of the document. This includes but is not limited to any drafts of the requested document, any transmittal sheets or cover letters accompanying the requested document, any exhibits or attachments to the requested document, and any enclosures sent with the requested document.

M. If there are no documents responsive to a category requested herein, Plaintiff shall so state in writing.

N. The requests herein are to be construed broadly, so as to bring within their scope all documents that, by a more restrictive interpretation, might be deemed non-responsive.

## DOCUMENT REQUESTS

1. All documents referenced in the Complaint and/or relied upon in preparing the Complaint.

2. All documents relating to any of the allegations in the Complaint.

3. All documents obtained from any subpoena relating to any of the allegations in the Complaint.

4. All documents obtained from any request submitted pursuant to the Freedom of Information Act (FOIA) or New York State Freedom of Information Law (FOIL) relating to any of the allegations in the Complaint.

5. All documents identified, referred to, or relied upon in the preparation of Plaintiff's responses to Defendant's First Set of Interrogatories.

6. All communications between any employee or agent of Plaintiff and any agent of the New York State Division of Military and Naval Affairs relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

7. All communications between any employee or agent of Plaintiff and any agent of the Knickerbocker Greys relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

8. All communications between any employee or agent of Plaintiff and any agent of the Veterans of the Seventh Regiment relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

9. All communications between any employee or agent of Plaintiff and any member or agent of the New York State Assembly and/or the New York State Senate relating to any of the

allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

10. All communications between any employee or agent of Plaintiff and any architects relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

11. All communications between any employee or agent of Plaintiff and any member of Community Board 8 relating to any of the allegations in the Complaint between January 1, 2022 and the present.

12. All communications between any employee or agent of Plaintiff and any public relations firm or lobbying firm relating to any of the allegations in the Complaint between January 1, 2022 and the present.

13. All communications between any employee or agent of Plaintiff and any agent of any Armory in the City of New York relating to any of the allegations in the Complaint between January 1, 2022 and the present.

14. All communications between any employee or agent of Plaintiff and any representative of any news organization relating to any of the allegations in the Complaint between January 1, 2022 and the present.

15. All photographs and/or videotapes relating to any of the allegations in the Complaint, including but not limited to any photographs of the space demised to Plaintiff between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

16. All communications between any employee or agent of Plaintiff and anyone that Plaintiff intends to call as a witness in a trial for this case between January 1, 2022 and the present.

17. All minutes of any meetings held by Plaintiff relating to any of the allegations in

the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

18. All documents referencing the Knickerbocker Greys between January 1, 2001 to December 31, 2007, and between January 1, 2022 and the present.

19. All documents sufficient to establish Plaintiff's annual funding between January 1, 2022 and the present.

20. All documents sufficient to establish Plaintiff's organization between 2001 and the present, including but not limited to articles of incorporation, bylaws, and other organizational instruments.

21. All floor plans from 2001 to the present relating to the Park Avenue Armory, including but not limited to any space demised to Plaintiff.

22. All Annual Certifications of Promotion of Public Goals submitted by Plaintiff between January 1, 2006 and the present, pursuant to Section 42.03 of the 2006 Lease entered between Plaintiff and the State of New York.

23. All notices to vacate issued by Plaintiff to any individual or organization between January 1, 2001 and the present.

24. All documents relating to Plaintiff's use of the Armory for hosting social events between January 1, 2022 and the present, including but not limited to Plaintiff's annual gala.

25. All documents relating to Plaintiff's use of the Armory for any purpose in addition to arts education and arts performance between January 1, 2022 to the present, including but not limited to all event registration forms.

26. All documents submitted by Plaintiff to any governmental agency representing the number of individuals employed by Plaintiff between January 1, 2018 and the present, including

but not limited to Plaintiff's applications to the Paycheck Protection Program.

27. All reports and/or assessments generated by any architectural firm relating to the Park Avenue Armory from 2001 to the present.

28. All agreements between Plaintiff and any organization between 2006 and 2022, including but not limited to license agreements between Plaintiff and the Knickerbocker Greys.

29. All documents sufficient to establish any capital campaign conducted by Plaintiff between 1999 and the present.

30. All documents sufficient to establish any grants Plaintiff has received from the State of New York, City of New York, or any other government agency between 1999 and the present.

31. All documents submitted by Plaintiff to ESD and/or any agency of the State of New York related to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

32. All documents relating to the Park Avenue Armory's "physical condition" and "state of disrepair" in the 1990s, as alleged in paragraph 32 of the Complaint.

33. All documents relating to Plaintiff's submission of a bid in response to ESD's March 1999 Request for Proposals, as alleged in paragraphs 33-34 of the Complaint.

34. All documents relating to the New York State Legislature's enactment of Chapter 482 in 2004, as alleged in paragraphs 35-40 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 482.

35. All documents relating to the 2006 Lease between Plaintiff and the State of New York, as alleged in paragraphs 41-46 of the Complaint, including but not limited to any draft versions of the Lease and any amendments to the Lease.

36. All documents relating to Plaintiff's "efforts" to fulfill the 2006 Lease, as alleged in paragraphs 47-54 of the Complaint.

37. All documents relating to Plaintiff's capital improvement project, as alleged in paragraphs 55-57 of the Complaint.

38. All documents relating to Plaintiff's allegation that the Armory is "currently fully occupied," as alleged in paragraphs 58-59 of the Complaint.

39. All documents relating to Plaintiff's usage of each room and/or space in the Basement, First Floor, Second Floor, Third Floor and Fifth Floor between January 1, 2022 and the present, as alleged in paragraph 59 of the Complaint.

40. All documents relating to the Knickerbocker Greys' prior use of the Armory, as alleged in paragraphs 60-66 of the Complaint, including but not limited to the Greys' activities in 2006.

41. All documents relating to Plaintiff's demand that the Knickerbocker Greys vacate the Armory, as alleged in paragraphs 67-72 of the Complaint.

42. All documents relating to the New York State Legislature's enactment of Chapter 659 in 2024, as alleged in paragraphs 73-83 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 659.

43. All documents sufficient to establish Plaintiff's contract with the European Fine Art Foundation ("TEFEF") between January 1, 2022 and the present, as referenced in paragraphs 5-6 of the October 14, 2025 supplemental declaration of Rebecca Robertson ("Robertson Supplemental Declaration").

44. All documents sufficient to establish TEFAF's "security protocols," as referenced

in paragraph 7 of the Robertson Supplemental Declaration.

45. All documents relating to the "third parties" who "rely on exclusive access to the Drill Hall and second floor" between January 1, 2022 and the present, as referenced in paragraph 8 of the Robertson Supplemental Declaration.

46. All documents relating to Plaintiff's "programming" taking place in the Armory's historic rooms between January 1, 2022 and the present, as referenced in paragraph 3 of the October 14, 2025 Declaration of Michael Lonergan ("Lonergan Declaration").

47. All documents relating to the "Company Room" provided to Artists in Residence between January 1, 2022 and the present, as referenced in paragraph 4 of the Lonergan Declaration.

48. All documents relating to the "site-specific performances" held in the Drill Hall between January 1, 2022 and the present, as referenced in paragraph 5 of the Lonergan Declaration.

49. All documents relating to Plaintiff's usage of "Room K" in the Armory between January 1, 2022 and the present.

50. All documents relating to Plaintiff's usage of the second floor hallway between January 1, 2022 and the present, as referenced in paragraph 7 of the Lonergan Declaration.

51. All documents relating to Plaintiff's usage of the fifth-floor rehearsal room between January 1, 2022 and the present.

52. All documents relating to any off-site rehearsals conducted by any Artist in Residence associated with Plaintiff between January 1, 2022 and the present.

53. All contracts between Plaintiff and performing arts companies between January 1, 2022 and the present, as referenced in paragraph 10 of the Lonergan Declaration.

54. All documents relating to the "displacement and associated out-of-pocket costs" between January 1, 2022 and the present, as referenced in paragraph 12 of the Lonergan

Declaration.

55. All contracts governing the usage of the Rehearsal Room as of this date.

56. All documents relating to any actual or anticipated contracts governing the usage of the Rehearsal Room between this date and December 31, 2026.

57. All documents relating to the assertion that costs "would continue to be incurred by the Conservancy into the future," as referenced in paragraph 30 of the Lonergan Declaration.

58. All documents relating to the "[f]oundations and private funders that support the Conservancy's arts education programs" between January 1, 2022 and the present, as referenced in paragraph 4 of the October 14, 2025 Declaration of Cassidy Jones ("Jones Declaration").

59. All documents relating to the Production-Based Programming offered by Plaintiff between January 1, 2022 and the present, as referenced in paragraph 6 of the Jones Declaration.

60. All documents relating to Plaintiff's Youth Corps program between January 1, 2022 and the present, as referenced in paragraph 7 of the Jones Declaration.

61. All documents relating to the "weekly meetings" amongst Plaintiff's departments "to manage the complex puzzle of room usage" between January 1, 2022 and the present, as referenced in paragraph 8 of the Jones Declaration.

62. All documents relating to the arts education activities taking place in the Rehearsal Room between January 1, 2022 and the present, as referenced in paragraph 11 of the Jones Declaration.

63. All documents (a) produced by Plaintiff in Seventh Regiment Armory Conservancy, Inc. v. Knickerbocker Greys, Index No. LT-300293-23/NY (Civil Court of the City of N.Y.) and (b) received by Plaintiff in the proceeding.

64. All documents relating to any lawsuit, or judicial or administrative proceeding, in

which Plaintiff was a party, from January 1, 2001 to the present, including but not limited to Seventh Regiment Fund v. Pataki, No. 01-cv-0819 (SDNY); Fitzgerald v. Thompson, et al., No. 07-cv-6851 (SDNY); Dalva v. Pataki, Index No. 116965/2005 (Sup. Ct. N.Y. Cty.) and In re Chu, Index No. 103638/2006 (Sup. Ct. N.Y. Cty.).

Dated: New York, New York.
March 13, 2026

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant*

By:

Yuval Rubinstein
Special Litigation Counsel
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8673
yuval.rubinstein@ag.ny.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th of March, 2026, I served a true and correct copy of Defendant's First Set of Document Requests to Plaintiff, via email, upon:

Joshua E. Hollander
Katherine C. Gauthier
Jacob M. Sievers
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154
jhollander@loeb.com
kgauthier@loeb.com
jsievers@loeb.com
*Attorneys for Plaintiff*

Yuval Rubinstein

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEVENTH REGIMENT ARMORY CONSERVANCY, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>HOPE KNIGHT, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation,<br><br>Defendant. | Case No. 25-CV-7373 (GBD) (BCM) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Seventh Regiment Armory Conservancy, Inc. (the "Conservancy" or "Plaintiff"), by its attorneys, Loeb & Loeb LLP, hereby responds and objects to the First Set of Document Requests (each a "Request") of Defendant Hope Knight, in her official capacity as President, Chief Executive Officer, and Commissioner of Empire State Development Corporation ("Defendant"), dated March 13, 2026, as follows:

**GENERAL OBJECTIONS[1]**

1. Each of the following general objections ("General Objections") are hereby incorporated by reference into each specific response, regardless of whether specific reference is made therein.

[1] Undefined terms herein have the meaning ascribed to them in Seventh Regiment Armory Conservancy, Inc.'s First Set of Requests for the Production of Documents to Defendant.

2. Plaintiff's responses and objections to the Requests are based on documents or information presently known to Plaintiff or its attorneys in this matter at this time. Plaintiff reserves the right to supplement or amend any or all of the objections and responses herein (including any portion thereof).

3. Plaintiff objects to the Requests, including Defendant's definitions and instructions, to the extent they purport to impose obligations on Plaintiff beyond those set forth in the Federal Rules or Local Rules.

4. Plaintiff objects to the Requests to the extent they seek production of documents protected from disclosure by the attorney-client privilege, work product doctrine, investigative and consulting expert privileges or any other applicable privilege or doctrine. Any document subject to any such privilege that is inadvertently produced by Plaintiff shall not constitute or be deemed to constitute a waiver of such privilege or doctrine and Plaintiff reserves its rights to demand the return of any inadvertently produced documents or information.

5. Plaintiff objects to the Requests to the extent they are overly broad, unduly burdensome and not proportional to the needs of the case.

6. Plaintiff objects to the Requests to the extent they are not limited in time.

7. Plaintiff objects to the Requests to the extent they seek documents and information that are not relevant to any party's claims or defenses. Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Plaintiff as to the relevance, materiality or admissibility of any information. Plaintiff expressly reserves the right to object to the admissibility of any portion of the documents or information contained therein produced in response to the Requests.

8. Plaintiff objects to the Requests to the extent they seek documents not in Plaintiff's possession, custody, or control.

9. Plaintiff objects to each and every Request to the extent it is repetitive and/or duplicative of any other present or future Request by Defendant.

10. Plaintiff objects to the Requests to the extent they seek the production of electronic documents outside the keyword, custodian and date limitations to be agreed upon by the parties.

11. Plaintiff objects to the Defendant's instructions to the extent they seek the production of electronic documents inconsistent with the ESI Protocol to be agreed upon by the parties.

12. Plaintiff objects to the Requests to the extent they are argumentative and/or improperly mischaracterize the facts, actions or inactions by Plaintiff or Defendant. By responding to any of the Requests or producing any documents or information, Plaintiff does not adopt or admit to Defendant's characterizations of any documents, facts, theories, or conclusions, nor does Plaintiff admit that the documents or information produced reflect any fact, characterization, or conclusion asserted by Defendant.

13. A response to a specific Request stating that Plaintiff will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that to the extent responsive, non-privileged documents do exist and are in the possession, custody or control of Plaintiff, they will be produced in accordance with the terms of Plaintiff's response to the Request.

14. Plaintiff objects to the Requests to the extent they seek information or documents that were prepared, generated, or received in anticipation of litigation.

15. Plaintiff objects to the Requests to the extent they are vague, ambiguous or confusing in the context of this action.

16. Plaintiff objects to the Requests to the extent they assume the existence of facts not in evidence, improperly call for legal conclusions in the context of this action, or both.

17. Plaintiff objects to the Requests to the extent they require Plaintiff to form, read, set forth, or perform any legal analysis.

18. Plaintiff objects to the Requests to the extent they are premature and seek information regarding experts.

19. Plaintiff expressly reserves the right to amend these objections and responses to the extent that any new information is discovered that would further inform Plaintiff's responses.

20. The responses and objections contained herein are neither intended to be, nor shall be, construed as an admission, concession, or waiver by Plaintiff of any kind, including but not limited to the relevance, materiality, or admissibility of any document. By responding to the Requests, or producing documents or information, Plaintiff does not admit to or concede Defendant's characterizations of any documents, facts, theories, or conclusions.

21. Any production of documents or information in response to the Requests shall be expressly governed by an agreed-upon protective order.

22. As set forth below, in addition to the foregoing General Objections, Plaintiff has also asserted specific responses and objections to the Requests (the "Specific Responses and Objections"). The Specific Responses and Objections shall not be construed as limiting, restricting, or waiving any of the foregoing General Objections, all of which are expressly incorporated into each of the Specific Responses and Objections as if fully set forth therein.

**SPECIFIC RESPONSES AND OBJECTIONS**

**DOCUMENT REQUEST NO. 1:**

All documents referenced in the Complaint and/or relied upon in preparing the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 2:**

All documents relating to any of the allegations in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all Documents relating to ***any*** of the allegations in the Complaint." (emphasis added).

This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 3:**

All documents obtained from any subpoena relating to any of the allegations in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 4:**

All documents obtained from any request submitted pursuant to the Freedom of Information Act (FOIA) or New York State Freedom of Information Law (FOIL) relating to any of the allegations in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 5:**

All documents identified, referred to, or relied upon in the preparation of Plaintiff's responses to Defendant's First Set of Interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 6:**

All communications between any employee or agent of Plaintiff and any agent of the New York State Division of Military and Naval Affairs relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent" of the New York State Division of Military and Naval Affairs ("DMNA") "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 7:**

All communications between any employee or agent of Plaintiff and any agent of the Knickerbocker Greys relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent" of the Knickerbocker Greys "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the

extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 8:**

All communications between any employee or agent of Plaintiff and any agent of the Veterans of the Seventh Regiment relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent" of the Veterans of the Seventh Regiment "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 9:**

All communications between any employee or agent of Plaintiff and any member or agent of the New York State Assembly and/or the New York State Senate relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks “all communications” with “any member or agent” of the New York State Assembly and/or New York State Senate “relating to any of the allegations in the Complaint.” This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff’s custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 10:**

All communications between any employee or agent of Plaintiff and any architects relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant’s other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks “all

communications" with "any architects" "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 11:**

All communications between any employee or agent of Plaintiff and any member of Community Board 8 relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any member" of Community Board 8 "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 12:**

All communications between any employee or agent of Plaintiff and any public relations firm or lobbying firm relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any public relations firm or lobbying firm" "relating to any of the allegations in the Complaint." Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 13:**

All communications between any employee or agent of Plaintiff and any agent of any Armory in the City of New York relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any agent of any Armory in the City of New York" "relating to any of the allegations in the Complaint." This Request is not proportional to the

needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 14:**

All communications between any employee or agent of Plaintiff and any representative of any news organization relating to any of the allegations in the Complaint between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all communications" with "any representative of any news organization" "relating to any of the allegations in the Complaint." This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 15:**

All photographs and/or videotapes relating to any of the allegations in the Complaint, including but not limited to any photographs of the space demised to Plaintiff between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any

party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all photographs and/or videotapes relating to any of the allegations in the Complaint." Plaintiff further objects to this Request as overly broad, unduly burdensome, oppressive, and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 16:**

All communications between any employee or agent of Plaintiff and anyone that Plaintiff intends to call as a witness in a trial for this case between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as premature to the extent it seeks information regarding witnesses Plaintiff intends to call at trial; such information is more properly the subject of pre-trial disclosures under Rule 26(a)(3) of the Federal Rules of Civil Procedure. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 17:**

All minutes of any meetings held by Plaintiff relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all minutes of any meetings" "relating to any of the allegations in the Complaint." Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as overly broad, unduly burdensome, oppressive, and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 18:**

All documents referencing the Knickerbocker Greys between January 1, 2001 to December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents referencing the Knickerbocker Greys" without limitation as to subject matter. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request

to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 19:**

All documents sufficient to establish Plaintiff's annual funding between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff further objects to this Request as overly broad, unduly burdensome, oppressive, and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 20:**

All documents sufficient to establish Plaintiff's organization between 2001 and the present, including but not limited to articles of incorporation, bylaws, and other organizational instruments.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the

extent it seeks organizational documents from 2001 to the present, a span of over 25 years. This Request is not proportional to the needs of the case.

Plaintiff will not produce documents in response to this Request except to the extent Plaintiff will produce its current articles of incorporation and bylaws.

**DOCUMENT REQUEST NO. 21:**

All floor plans from 2001 to the present relating to the Park Avenue Armory, including but not limited to any space demised to Plaintiff.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all floor plans from 2001 to the present," a span of over 25 years. This Request is not proportional to the needs of the case.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 22:**

All Annual Certifications of Promotion of Public Goals submitted by Plaintiff between January 1, 2006 and the present, pursuant to Section 42.03 of the 2006 Lease entered between Plaintiff and the State of New York.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 23:**

All notices to vacate issued by Plaintiff to any individual or organization between January 1, 2001 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all notices to vacate issued by Plaintiff to any individual or organization" from January 1, 2001 to the present, a span of over 25 years. This Request is not proportional to the needs of the case and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 24:**

All documents relating to Plaintiff's use of the Armory for hosting social events between January 1, 2022 and the present, including but not limited to Plaintiff's annual gala.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" "relating to Plaintiff's use of the Armory for hosting social events." Plaintiff further objects to this Request as oppressive and harassing, given that it seeks

limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 25:**

All documents relating to Plaintiff's use of the Armory for any purpose in addition to arts education and arts performance between January 1, 2022 to the present, including but not limited to all event registration forms.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" "relating to Plaintiff's use of the Armory for any purpose" from January 1, 2022 to the present. Plaintiff further objects to this Request as oppressive and harassing, given that it seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 26:**

All documents submitted by Plaintiff to any governmental agency representing the number of individuals employed by Plaintiff between January 1, 2018 and the present, including but not limited to Plaintiff's applications to the Paycheck Protection Program.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome, oppressive, and harassing, given that it seeks information that is not relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 27:**

All reports and/or assessments generated by any architectural firm relating to the Park Avenue Armory from 2001 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all reports and/or assessments generated by any architectural firm" from 2001 to the present, a span of over 25 years. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 28:**

All agreements between Plaintiff and any organization between 2006 and 2022, including but not limited to license agreements between Plaintiff and the Knickerbocker Greys.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all agreements between Plaintiff and any organization" over a 16-year period. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 29:**

All documents sufficient to establish any capital campaign conducted by Plaintiff between 1999 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" concerning "any capital campaign" over a 27-year period. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses

in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 30:**

All documents sufficient to establish any grants Plaintiff has received from the State of New York, City of New York, or any other government agency between 1999 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" concerning "any grants Plaintiff has received from the State of New York, City of New York, or any other government agency" over a 25-year period. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 31:**

All documents submitted by Plaintiff to ESD and/or any agency of the State of New York related to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any

party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" submitted to "any agency of the State of New York." Plaintiff objects to this Request to the extent that such documents are already within Defendant's possession, custody or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 32:**

All documents relating to the Park Avenue Armory's "physical condition" and "state of disrepair" in the 1990s, as alleged in paragraph 32 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" concerning "the Park Avenue Armory's 'physical condition' and 'state of disrepair.'" Plaintiff further objects to this Request as oppressive, harassing, not

proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 33:**

All documents relating to Plaintiff's submission of a bid in response to ESD's March 1999 Request for Proposals, as alleged in paragraphs 33-34 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 2. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 34:**

All documents relating to the New York State Legislature's enactment of Chapter 482 in 2004, as alleged in paragraphs 35-40 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 482.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 2. Plaintiff

further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to Chapter 482's enactment. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 35:**

All documents relating to the 2006 Lease between Plaintiff and the State of New York, as alleged in paragraphs 41-46 of the Complaint, including but not limited to any draft versions of the Lease and any amendments to the Lease.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 2. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" "relating to the 2006 Lease." Plaintiff objects to this Request to the extent that such documents are already within Defendant's possession, custody or control. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 36:**

All documents relating to Plaintiff's "efforts" to fulfill the 2006 Lease, as alleged in paragraphs 47-54 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request because the term "efforts" is vague and ambiguous. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 37:**

All documents relating to Plaintiff's capital improvement project, as alleged in paragraphs 55-57 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff also objects to this Request to the extent it seeks information protected by the attorney-

client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 38:**

All documents relating to Plaintiff's allegation that the Armory is "currently fully occupied," as alleged in paragraphs 58-59 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 39. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 39:**

All documents relating to Plaintiff's usage of each room and/or space in the Basement, First Floor, Second Floor, Third Floor and Fifth Floor between January 1, 2022 and the present, as alleged in paragraph 59 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 38. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 40:**

All documents relating to the Knickerbocker Greys' prior use of the Armory, as alleged in paragraphs 60-66 of the Complaint, including but not limited to the Greys' activities in 2006.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 41:**

All documents relating to Plaintiff's demand that the Knickerbocker Greys vacate the Armory, as alleged in paragraphs 67-72 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 42:**

All documents relating to the New York State Legislature's enactment of Chapter 659 in 2024, as alleged in paragraphs 73-83 of the Complaint, including but not limited to any documents or reports submitted by Plaintiff to the New York State Legislature and/or to a New York State government agency relating to Chapter 659.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 1 and 34. Plaintiff further objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to Chapter 659's enactment. Plaintiff further objects to this Request to the

extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 43:**

All documents sufficient to establish Plaintiff's contract with the European Fine Art Foundation ("TEFEF") between January 1, 2022 and the present, as referenced in paragraphs 5-6 of the October 14, 2025 supplemental declaration of Rebecca Robertson ("Robertson Supplemental Declaration").

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and seeking information beyond the scope of and not relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including TEFAF. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 44:**

All documents sufficient to establish TEFAF's "security protocols," as referenced in paragraph 7 of the Robertson Supplemental Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 43. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including TEFAF's security protocols. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 45:**

All documents relating to the "third parties" who "rely on exclusive access to the Drill Hall and second floor" between January 1, 2022 and the present, as referenced in paragraph 8 of the Robertson Supplemental Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to third-party use of the Drill Hall and second floor. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of

the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**<u>DOCUMENT REQUEST NO. 46:</u>**

All documents relating to Plaintiff's "programming" taking place in the Armory's historic rooms between January 1, 2022 and the present, as referenced in paragraph 3 of the October 14, 2025 Declaration of Michael Lonergan ("Lonergan Declaration").

**<u>RESPONSE TO DOCUMENT REQUEST NO. 46:</u>**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "'programming' taking place in the Armory's historic rooms." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 47:**

All documents relating to the "Company Room" provided to Artists in Residence between January 1, 2022 and the present, as referenced in paragraph 4 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "'Company Room[s]' provided to Artists in Residence." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond.

**DOCUMENT REQUEST NO. 48:**

All documents relating to the "site-specific performances" held in the Drill Hall between January 1, 2022 and the present, as referenced in paragraph 5 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the

extent it seeks “all documents” relating to performances held in the Drill Hall. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 49:**

All documents relating to Plaintiff’s usage of “Room K” in the Armory between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks “all documents” relating to the “usage of ‘Room K.’” Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff’s custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 50:**

All documents relating to Plaintiff's usage of the second floor hallway between January 1, 2022 and the present, as referenced in paragraph 7 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "the second floor hallway." Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including information about minors. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 51:**

All documents relating to Plaintiff's usage of the fifth-floor rehearsal room between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "the fifth-floor rehearsal room." Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties, including information about minors.

Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 52:**

All documents relating to any off-site rehearsals conducted by any Artist in Residence associated with Plaintiff between January 1, 2022 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to "any off-site rehearsals conducted by any Artist in Residence associated with Plaintiff." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 53:**

All contracts between Plaintiff and performing arts companies between January 1, 2022 and the present, as referenced in paragraph 10 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all contracts" with any "performing arts companies." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 54:**

All documents relating to the "displacement and associated out-of-pocket costs" between January 1, 2022 and the present, as referenced in paragraph 12 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and

defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 55:**

All contracts governing the usage of the Rehearsal Room as of this date.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 56:**

All documents relating to any actual or anticipated contracts governing the usage of the Rehearsal Room between this date and December 31, 2026.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request Nos. 51 and 55. Plaintiff further objects to this Request as premature to the extent it seeks documents relating to "anticipated contracts." Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and

defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 57:**

All documents relating to the assertion that costs "would continue to be incurred by the Conservancy into the future," as referenced in paragraph 30 of the Lonergan Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests, including Request No. 54. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 58:**

All documents relating to the "[f]oundations and private funders that support the Conservancy's arts education programs" between January 1, 2022 and the present, as referenced in paragraph 4 of the October 14, 2025 Declaration of Cassidy Jones ("Jones Declaration").

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "[f]oundations and private funders that support the

Conservancy's arts education programs." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 59:**

All documents relating to the Production-Based Programming offered by Plaintiff between January 1, 2022 and the present, as referenced in paragraph 6 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "Production-Based Programming offered by Plaintiff." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent

search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 60:**

All documents relating to Plaintiff's Youth Corps program between January 1, 2022 and the present, as referenced in paragraph 7 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "Plaintiff's Youth Corps program." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 61:**

All documents relating to the "weekly meetings" amongst Plaintiff's departments "to manage the complex puzzle of room usage" between January 1, 2022 and the present, as referenced in paragraph 8 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 62:**

All documents relating to the arts education activities taking place in the Rehearsal Room between January 1, 2022 and the present, as referenced in paragraph 11 of the Jones Declaration.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request as duplicative of Defendant's other Requests. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" relating to the "the arts education activities taking place in the Rehearsal Room." Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving the foregoing General and Specific Objections, Plaintiff will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties.

**DOCUMENT REQUEST NO. 63:**

All documents (a) produced by Plaintiff in Seventh Regiment Armory Conservancy, Inc. v. Knickerbocker Greys, Index No. LT-300293-23/NY (Civil Court of the City of N.Y.) and (b) received by Plaintiff in the proceeding.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents" both produced and received in a separate proceeding without limitation as to subject matter. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

**DOCUMENT REQUEST NO. 64:**

All documents relating to any lawsuit, or judicial or administrative proceeding, in which Plaintiff was a party, from January 1, 2001 to the present, including but not limited to Seventh Regiment Fund v. Pataki, No. 01-cv-0819 (SDNY); Fitzgerald v. Thompson, et al., No. 07-cv-6851 (SDNY); Dalva v. Pataki, Index No. 116965/2005 (Sup. Ct. N.Y. Cty.) and In re Chu, Index No. 103638/2006 (Sup. Ct. N.Y. Cty.).

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

Plaintiff incorporates its General Objections by reference. Plaintiff objects to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party in this case. Plaintiff objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any lawsuit, or judicial or administrative proceeding, in which Plaintiff was a party, from January 1, 2001 to the present," which encompasses any and all litigation involving Plaintiff over a 25-year period, including matters wholly unrelated to this action. Plaintiff further objects to this Request as oppressive, harassing, not proportional to the needs of the case, and seeks limitless information that exceeds what is relevant to the claims and defenses in this matter. Plaintiff further objects to this Request to the extent it seeks confidential and proprietary information of third parties. Plaintiff further objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work product doctrine.

Plaintiff will not produce documents in response to this Request, but is prepared to meet and confer.

Dated: New York, New York
April 13, 2026

LOEB & LOEB LLP

By: /s/ *Joshua E. Hollander*

Joshua E. Hollander
Katherine C. Gauthier
Jacob M. Sievers
345 Park Avenue
New York, New York 10154
Tel. (212) 407-4000
jhollander@loeb.com
kgauthier@loeb.com
jsievers@loeb.com

*Attorneys for Seventh Regiment Armory Conservancy, Inc.*

# EXHIBIT C

**From:** Rubinstein, Yuval
**To:** "Joshua E. Hollander"; "Katie Gauthier"
**Cc:** "Jacob M. Sievers"
**Subject:** RE: Conservancy Rule 30(b)(6) Deposition Notice
**Date:** Tuesday, April 28, 2026 4:46:00 PM
**Attachments:** image001.png
2026-04-28 Meet-Confer Letter Final.pdf
Dalva v. Pataki - Reoch Affidavit.pdf
2026-04-28 ESD Proposed Search Terms.pdf

---

Good afternoon Josh and Katie:

Please find attached a meet-and-confer letter addressing Plaintiff's Responses and Objections to Defendant's First Set of Document Requests, and to Defendant's Rule 30(b)(6) Deposition notice. I am also attaching Defendant's proposed ESI search terms. For some of the terms, I have included narrower timeframes than what was proposed in the Document Requests. Based upon the information obtained to date, the initial ESI custodians are Rebecca Robertson and Kirsten Reoch. However, I may propose additional custodians (and/or amend these search terms) upon review of Plaintiff's document production.

I am generally available for a meet-and-confer discussion next week, except the morning of May 7.

Best,
Yuval

---

**From:** Rubinstein, Yuval
**Sent:** Wednesday, March 25, 2026 2:49 PM
**To:** 'Joshua E. Hollander' <jhollander@loeb.com>; Katie Gauthier <kgauthier@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Conservancy Rule 30(b)(6) Deposition Notice

Sure, that works for me.

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Wednesday, March 25, 2026 2:47 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>; Katie Gauthier <kgauthier@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Conservancy Rule 30(b)(6) Deposition Notice

Yuval, can we push this call to 3:15pm? Thanks.

**Joshua E. Hollander**

*Partner*

345 Park Avenue | New York, NY 10154
**Direct Dial:** +1 212-407-4046 | **Fax:** 212.407.4990 | **E-mail:** jhollander@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Tysons** | **Beijing** | **Hong Kong** | **www.loeb.com**

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Wednesday, March 25, 2026 9:22 AM
**To:** Katie Gauthier <kgauthier@loeb.com>; Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Conservancy Rule 30(b)(6) Deposition Notice

Thanks, Katie. I would also like to resume our discussion regarding ESI this afternoon.

Best,
Yuval

---

**From:** Katie Gauthier <kgauthier@loeb.com>
**Sent:** Wednesday, March 25, 2026 8:44 AM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>; Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** Re: Conservancy Rule 30(b)(6) Deposition Notice

Hi Yuval,

3pm works for us. I will circulate a calendar invite in a few minutes.

Best,
Katie

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Tuesday, March 24, 2026 5:34:32 PM
**To:** Katie Gauthier <kgauthier@loeb.com>; Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** Re: Conservancy Rule 30(b)(6) Deposition Notice

Hi Katie, I am available tomorrow after 3pm, and I am generally available on Thursday.

Yuval

Get Outlook for iOS

---

**From:** Katie Gauthier <kgauthier@loeb.com>
**Sent:** Tuesday, March 24, 2026 4:38 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>; Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Conservancy Rule 30(b)(6) Deposition Notice

**[EXTERNAL]**

Hi Yuval,

Do you have time tomorrow to discuss all the discovery that has been served to date?

Best,
Katie

**Katie Gauthier**

*Senior Counsel*

345 Park Avenue | New York, NY 10154
**Direct Dial:** | **Fax:** 212.407.4990 | **E-mail:** kgauthier@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Tysons** | **Beijing** | **Hong Kong** |
www.loeb.com

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Tuesday, March 24, 2026 1:54 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>; Katie Gauthier <kgauthier@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Conservancy Rule 30(b)(6) Deposition Notice

Good afternoon:

Please find attached a copy of the subpoena that was served upon Kirsten Reoch earlier today.

Best,
Yuval

**From:** Rubinstein, Yuval
**Sent:** Friday, March 20, 2026 3:00 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>; Katie Gauthier <kgauthier@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** Conservancy Rule 30(b)(6) Deposition Notice

Good afternoon Josh and Katie:

Please find attached the Rule 30(b)(6) deposition notice. The deposition is tentatively scheduled for April 23, but I am happy to discuss further with respect to the scheduled date.

Best,
Yuval

Yuval Rubinstein
Special Litigation Counsel
Office of the New York State Attorney General
Litigation Bureau
28 Liberty Street | New York, New York 10005
(212) 416-8673 | yuval.rubinstein@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

CONFIDENTIALITY NOTICE: This email, including its attachments, is from a law firm and may contain material that is confidential, attorney-client privileged, and/or attorney work product. If you are not the intended recipient, you may not review, copy, forward or otherwise distribute this email. If you received this email in error, please notify the sender immediately and delete all copies from your system.

**Office of the New York State Attorney General**

**Letitia James Attorney General**

April 28, 2026

**By Email**
Joshua E. Hollander
Katherine C. Gauthier
Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154

Re: *Seventh Regiment Armory Conservancy, Inc. v. Knight*, SDNY No. 25-cv-7373 (GBD) (BCM)

Dear Josh and Katie:

Pursuant to Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices, I write to meet-and-confer regarding Plaintiff's April 13, 2026 Responses and Objections to Defendant's First Set of Document Requests, as well as Plaintiff's April 20, 2026 Responses and Objections to Defendant's Notice of Rule 30(b)(6) Deposition.[1] Plaintiff has failed to produce a single document, nor specifically identified what responsive documents it does intend to produce. Plaintiff's response to the Rule 30(b)(6) notice is similarly deficient, as Plaintiff's response fails to expressly set out the matters that Plaintiff's designated witness(es) will testify about. I am certainly mindful that this case involves a constitutional challenge to a State statute. However, the September 5, 2025 Complaint, as well as the four reply declarations filed in support of Plaintiff's preliminary injunction motion on October 15, 2025 (ECF Nos. 26-29), contain extensive factual allegations spanning more than 25 years. Accordingly, Defendant's discovery requests and Rule 30(b)(6) deposition topics are targeted towards these allegations, as discussed further below. I look forward to further discussing Defendant's concerns with Plaintiff's responses, and I remain hopeful that the parties can reach an agreement without the need for the Court's intervention.

## A. Plaintiff's Responses to Defendant's First Set of Document Requests

### 1. Responses Where Plaintiff Has Refused to Produce Any Documents

Plaintiff has refused to produce any documents at all for the majority of Defendant's document requests. And while Plaintiff's responses to these requests are replete with boilerplate objections, Plaintiff fails to identify what non-ESI documents are actually being withheld, as required under Rule 34(b)(2)(C). It is thus difficult for Defendant to ascertain the scope and nature

[1] On March 24, 2026, Defendant also served a subpoena upon Kirsten Reoch to testify and produce any responsive documents in her possession. Reoch has not served any objections or responses to the subpoena to date; any such objections were due to be served no later than April 7, 2026, and would be untimely in any case. *See* Fed. R. Civ. P. 45(d)(2)(B).

of the documents that are being withheld, as well as Plaintiff's generic objections on the basis of (among other things) overbreadth and undue burden. In any event, I write to further explain the basis for these requests to facilitate the parties' meet-and-confer discussion. As set forth below, the documents sought have significant relevance to the case; there is therefore no basis to object to a search for such documents as disproportionate to the needs of the case.

**Request No. 11** seeks communications between any employee or agent of Plaintiff and any member of Community Board 8 relating to the allegations in the Complaint from January 1, 2022 to the present. Defendant's opposition to Plaintiff's preliminary injunction motion cited to a May 22, 2022 Community Board 8 resolution urging an agreement to allow the Greys to remain in the Armory. ECF No. 23, at 17. *See Seventh Regiment Armory Conservancy Inc. v. Knickerbocker Greys et al.*, LT-300293-23/NY, NYSCEF No. 66. Moreover, Rebecca Robertson referenced her prior testimony before Community Board, as well as her remote attendance at another Community Board meeting, during this time period. *See* NYSCEF No. 120, September 27, 2024 Deposition of Rebecca Robertson ("Robertson Depo."), at 136, 285, 294-96. And the Sponsor's Memorandum in support of the challenged statute, Chapter 659, emphasized that attempts to combat the eviction of cadet corps programs have attracted the "enthusiastic support of…local community groups." Accordingly, Plaintiff's communications with Community Board 8 regarding its attempt to evict the Greys are relevant and proportional to this case.

**Request No. 12** seeks communications between any employee or agent of Plaintiff and any public relations firm or lobbying firm relating to any of the allegations in the Complaint between January 1, 2022 and the present. During her September 2024 deposition, Robertson referenced her lobbyist, Michael Worloz, who was involved in the submission of a memorandum in opposition to the proposed statute. NYSCEF No. 120, at 140-41, 168-176, 215-16. Any communications between Plaintiff and its lobbyist regarding, among other things, Plaintiff's efforts to defeat the legislation is thus relevant and proportional to this case.

**Request No. 13** seeks communications between any employee or agent of Plaintiff and any agent of any Armory in the City of New York relating to any of the allegations in the Complaint between January 1, 2022 and the present. The Complaint itself alleges that Plaintiff sought to assist the Greys by, among other things, "identif[ying] an active National Guard armory that was further uptown[.]" Compl., ¶ 70. Any communications between Plaintiff and this "uptown" armory (as well as any other Armory in the City) are relevant and proportional, and I do not see any legitimate basis for Plaintiff's objection given the allegation in the Complaint.

**Request No. 14** seeks communications between any employee or agent of Plaintiff and any representative of any news organization relating to any of the allegations in the Complaint between January 1, 2022 and the present. Plaintiff's ongoing effort to evict the Greys, and the subsequent filing of this lawsuit, has generated significant media attention.[2] Any statements that Plaintiff

---

[2] *See, e.g.,* Nick Garber, *Upper East Side Armory Still Trying To Evict Century-Old Youth Group*, PATCH (Dec. 1, 2022), https://patch.com/new-york/upper-east-side-nyc/upper-east-side-armory-still-trying-evict-century-old-youth-group; Vaughn Golden, *Historic Knickerbocker Greys youth group faces eviction from NYC armory after 120 years: 'Absolutely appalling'*, N.Y. POST (May 19, 2024), https://nypost.com/2024/05/19/us-news/historic-knickerbocker-greys-youth-group-pleas-for-albany-to-stay-in-its-park-ave-home/; Novi Zhukovsky, *Park Avenue Armory Conservancy Mounts Latest Bid To Oust Knickerbocker Greys From Historic Home*, N.Y. SUN (Oct. 22, 2025), https://www.nysun.com/article/park-avenue-armory-conservancy-mounts-latest-bid-to-oust-knickerbocker-greys-from-historic-home

submitted to the media regarding the allegations in the lawsuit, and that are not reflected in the news articles, are thus relevant and proportional.

**Request No. 15** seeks photographs and/or videotapes relating to any of the allegations in the Complaint, including but not limited to any photographs of the space demised to Plaintiff between January 1,2001 and December 31, 2007, and between January 1, 2022 and the present. Plaintiff's challenge to Chapter 659 is grounded in the allegation that "[e]very square foot of the Demised Premises under the Lease is fully used," and that there is "no free space available." Compl., ¶ 59. To the extent Plaintiff has taken photos or videos of the Demised Spaces during these two time periods, they are highly relevant and proportional to this central allegation in the Complaint.

**Request No. 17** seeks minutes of any meetings held by Plaintiff relating to any of the allegations in the Complaint between January 1, 2001 and December 31, 2007, and between January 1, 2022 and the present. Rebecca Robertson testified that Plaintiff's Board is "involved and close" with respect to Plaintiff's operations. NYSCEF No. 120 at 13. To the extent the Board's minutes reflect its discussions of, among other things, the redevelopment plans for the Armory, the 2004 statute and 2006 Lease, the effort to evict the Greys, and the effort to defeat the legislation enacted in 2024, the minutes are relevant and proportional to this case.

**Request No. 19** seeks all documents sufficient to establish Plaintiff's annual funding between January 1, 2022 and the present. The Complaint is replete with references concerning the funding that was allegedly needed to restore and maintain the Armory. Compl., ¶¶ 8, 13-14, 25, 32, 33, 34, 48, 55-57, 59, 67-68, 74. Based upon these allegations, information regarding Plaintiff's funding is relevant and proportional to this case.

**Request No. 21** seeks all floor plans from 2001 to the present relating to the Park Avenue Armory, including but not limited to any space demised to Plaintiff. As noted above, Plaintiff's core argument is that every inch of space demised under the 2006 Lease is taken; the floor plans for the Demised Spaces, as well as any changes in use over time, are relevant and proportional based upon this allegation. Nor can Plaintiff object to a production of floor plans "over 25 years," as the Complaint itself alleges that Plaintiff was "selected for the project" to redevelop the Armory in 2000. Compl., ¶ 34. Accordingly, the span of time is appropriate, although I am open to further discussing the scope of this request if there are substantiated concerns about undue burden.

**Request No. 22** seeks Annual Certifications of Promotion of Public Goals submitted by Plaintiff between January 1, 2006 and the present, pursuant to Section 42.03 of the 2006 Lease entered between Plaintiff and the State of New York. This request cites to a provision of the Lease itself, and these certifications are relevant and proportional with respect to determining whether Plaintiff is fulfilling these goals, as it promised to do so in 2006.

**Request No. 23** seeks all notices to vacate issued by Plaintiff to any individual or organization between January 1, 2001 and the present. Once again, the Complaint itself references Plaintiff's notice to vacate issued to the Greys. Compl., ¶ 68. This notice—as well as any notice to vacate issued to anyone else that was occupying the Armory—is relevant and proportional. Indeed, I am puzzled by Plaintiff's refusal to produce a document that is expressly mentioned in the Complaint. With respect to the time period, Plaintiff was selected for the project to redevelop the Armory in 2001. However, I am willing to narrow this request to the period between the execution of the Lease in 2006 and the present.

**Request No. 24** seeks all documents relating to Plaintiff's use of the Armory for hosting social events between January 1, 2022 and the present, including but not limited to Plaintiff's annual gala, while **Request No. 25** seeks documents relating to Plaintiff's use of the Armory for any purpose in addition to arts education and arts performance between January 1, 2022 to the present, including but not limited to all event registration forms." To the extent Plaintiff is alleging that every inch of space demised under the 2006 Lease is needed for arts and education programming, Defendant is entitled to discovery to discern whether that is, in fact, the case. The requests are thus relevant and proportional to the case.[3]

**Request No. 26** seeks all documents submitted by Plaintiff to any governmental agency representing the number of individuals employed by Plaintiff between January 1, 2018 and the present, including but not limited to Plaintiff's applications to the Paycheck Protection Program." The Complaint itself alleges that "the Conservancy's personnel roster is over 100 people, swelling to over 300 people during productions at the Armory." Compl., ¶ 58. Documents establishing the number of employees is relevant and proportional based upon this allegation alone, in addition to well-founded concerns regarding the veracity of Plaintiff's representations regarding its headcount during this time period. Fhamy, *supra*. Plaintiff should produce, at a minimum, its applications submitted to the Paycheck Protection Program and any written responses.

**Request No. 27** seeks all reports and/or assessments generated by any architectural firm relating to the Park Avenue Armory from 2001 to the present. These documents are relevant and proportional for the reasons noted above with respect to Request No. 21.

**Request No. 28** seeks all agreements between Plaintiff and any organization between 2006 and 2022, including but not limited to license agreements between Plaintiff and the Knickerbocker Greys. Yet again, the Complaint itself establishes that this request is relevant and proportional, as Plaintiff alleges it "offered the Greys annual self-expiring licenses for the space in the Armory's unrenovated basement" beginning in 2007, and that the Greys signed these "temporary self-expiring licenses" for 12 years. Compl., ¶¶ 64-66. Plaintiff thus lacks any legitimate basis for refusing to produce these licenses that are expressly referenced in the Complaint, as well as similar licenses that were issued to other organizations occupying space in the Armory.

**Request No. 29** seeks all documents sufficient to establish any capital campaign conducted by Plaintiff between 1999 and the present, and **Request No. 30** seeks all documents sufficient to establish any grants Plaintiff has received from the State of New York, City of New York, or any other government agency between 1999 and the present. As noted above, documents regarding Plaintiff's funding are relevant and proportional based upon the allegations in the Complaint. For this specific request, the time period of 1999 to the present is justified given that ESD issued an RFP for the Armory's restoration and renovation in March 1999. Compl., ¶ 33.

**Request No. 32** seeks all documents relating to the Park Avenue Armory's "physical condition" and "state of disrepair" in the 1990s, as alleged in paragraph 32 of the Complaint;

[3] Indeed, Plaintiff's use of the Demised Spaces to hold lavish social events, which are hardly consistent with the text and spirit of the 2004 statute and the 2006 Lease, has justifiably generated media scrutiny. *See, e.g.*, Gabrielle Fhamy, *Nonprofit bosses turned historic Park Avenue Armory into 'private club' on taxpayer's dime: community*, N.Y. POST (Sep. 6, 2025), https://nypost.com/2025/09/06/us-news/nonprofit-bosses-turned-historic-park-avenue-armory-into-private-club-on-taxpayers-dime-community/

**Request No. 36** seeks all documents relating to Plaintiff's "efforts" to fulfill the 2006 Lease, as alleged in paragraphs 47-54 of the Complaint; and **Request No. 37** seeks all documents relating to Plaintiff's capital improvement project, as alleged in paragraphs 55-57 of the Complaint." I do not see how Plaintiff can refuse to produce any documents on the basis of relevance or proportionality, much less assert these requests are somehow "harassing" or "oppressive," as these requests quote directly from the Complaint.[4]

**Request No. 45** seeks all documents relating to the "third parties" who "rely on exclusive access to the Drill Hall and second floor" between January 1, 2022 and the present, as referenced in paragraph 8 of Rebecca Robertson's supplemental declaration; **Request No. 46** seeks all documents relating to Plaintiff's "programming" taking place in the Armory's historic rooms between January 1, 2022 and the present, as referenced in paragraph 3 of the October 14, 2025 Declaration of Michael Lonergan; **Request No. 48** seeks all documents relating to the "site-specific performances" held in the Drill Hall between January 1, 2022 and the present, as referenced in paragraph 5 of the Lonergan Declaration; **Request No. 52** seeks all documents relating to any off-site rehearsals conducted by any Artist in Residence associated with Plaintiff between January 1, 2022 and the present; and **Request No. 53** seeks all contracts between Plaintiff and performing arts companies between January 1, 2022 and the present, as referenced in paragraph 10 of the Lonergan Declaration; **Request No. 58** seeks all documents relating to the "[f]oundations and private funders that support the Conservancy's arts education programs" between January 1, 2022 and the present, as referenced in paragraph 4 of the October 14, 2025 Declaration of Cassidy Jones. These requests are drawn directly from the reply declarations filed in support of Plaintiff's preliminary injunction motion on October 15, 2025; I thus fail to see any legitimate basis for Plaintiff's refusal to produce any documents in response to these requests. Indeed, Plaintiff is agreeing to produce documents (although unidentified at this point) in response to other document requests citing to these reply declarations, and that raise similar objections.

**Request No. 63** seeks all documents (a) produced by Plaintiff in *Seventh Regiment Armory Conservancy, Inc. v. Knickerbocker Greys*, Index No. LT-300293-23/NY (Civil Court of the City of N.Y.) and (b) received by Plaintiff in the proceeding. I am surprised by Plaintiff's refusal to re-produce any of the documents that were already produced and received in Plaintiff's ongoing eviction proceeding against the Greys. Plaintiff objects to this request because it supposedly seeks documents "without limitation as to subject matter." This objection is baseless given the significant overlap between the subject matter of this lawsuit and the state-court proceeding; indeed, the Complaint itself alleges that, "[i]n response to the Holdover Proceeding," the Greys convinced a State Senator to introduce the legislation that is the very "subject matter" of this lawsuit. Compl., ¶¶ 72-73.

**Request No. 64** seeks all documents relating to any lawsuit, or judicial or administrative proceeding, in which Plaintiff was a party, from January 1, 2001 to the present, including but not limited to *Seventh Regiment Fund v. Pataki*, No. 01-cv-0819 (SDNY); *Fitzgerald v. Thompson*, et al., No. 07-cv-6851 (SDNY); *Dalva v. Pataki*, Index No. 116965/2005 (Sup. Ct. N.Y. Cty.) and *In re Chu*, Index No. 103638/2006 (Sup. Ct. N.Y. Cty.). The renovation and redevelopment of the Armory generated significant litigation, including but not limited to these four cases. Documents

[4] I am particularly puzzled by Plaintiff's objection to the term "efforts" in Request No. 36 as "vague and ambiguous," given that paragraph 47 of the Complaint uses this very term.

from these lawsuits and proceedings are relevant to, among other things, Plaintiff's contemporaneous understanding and interpretation of the 2004 statute and the 2006 Lease. For example, during our March 25, 2025 meet-and-confer discussion, I mentioned a January 27, 2006 affidavit signed by Kirsten Reoch in the *Dalva* case, in which Reoch explained the redevelopment plans for the Armory, and the harm to Plaintiff that would purportedly be incurred if these plans were enjoined. I am attaching Reoch's affidavit for reference. Although our Office possesses some of these documents in our files, there are undoubtedly other documents, which are highly relevant to this lawsuit, that neither our Office nor ESD possesses. Defendant agrees to narrow the scope of this request to any lawsuits or proceedings relating to the renovation and redevelopment of the Armory. And to the extent there are specific concerns regarding the burden imposed by collecting these documents, I am willing to discuss these concerns.

**2. Responses Where Plaintiff Has Only Agreed to Produce Documents Responsive to Other Requests**

In response to Request Nos. 8, 10, 16, 18, 39, 44, and 47, Plaintiff has represented that it "will not produce documents in response to this Request except to the extent such documents are responsive to Defendant's other Requests to which Plaintiff has agreed to respond." This vague and boilerplate response fails to satisfy Plaintiff's obligation under Rule 34; Plaintiff fails entirely to identify what documents are being withheld, as well as what documents will be produced in response to other unidentified requests. These responses are therefore entirely deficient.

**3. Responses Where Plaintiff Has Agreed to Produce Documents, But Has Not Identified What Documents Will be Produced or Withheld**

For all but one of the remaining document requests not previously discussed above,[5] Plaintiff has represented that it "will produce non-privileged documents that are directly relevant and necessary to the claims and defenses in this action, to the extent such documents can be located through a reasonably diligent search of Plaintiff's custodial files, and subject to the custodians, date ranges, and search terms to be agreed upon by the parties." I understand that the parties have only conducted an initial discussion of ESI, and will need to further discuss the ESI parameters. Yet these responses still fail to satisfy Plaintiff's obligations under Rule 34, as they fail to identify what non-ESI documents will be produced, nor any timeframe for production.

**B. Defendant's Rule 30(b)(6) Deposition Notice**

Defendant's Rule 30(b)(6) notice contains only five topics, which are tailored towards the allegations in the Complaint. Plaintiff's responses, however, are deficient on multiple grounds. Topic No. 1 seeks testimony regarding Plaintiff's organization and structure between January 1, 2001 and December 31, 2007, and between January 1, 2018 and the present, including but not limited to the functions and duties of Plaintiff's (a) Board of Directors; and (b) Staff during each time period. In response, Plaintiff merely represents that it "is prepared to meet and confer

---

[5] In response to Request No. 20, which seeks all documents sufficient to establish Plaintiff's organization between 2001 and the present, including but not limited to articles of incorporation, bylaws, and other organizational instruments," Plaintiff has represented that it "will not produce documents in response to this Request except to the extent Plaintiff will produce its current articles of incorporation and bylaws." Plaintiff's response is deficient, as the development of Plaintiff's organization (as well as any major changes) since 2001 is relevant and proportional to this case.

concerning the scope of Topic 1." Plaintiff's vague and noncommittal response fails to indicate what scope it believes is relevant and proportional. In any case, the two timeframes set forth in Topic No. 1 are justified based upon the allegations in the Complaint: Plaintiff was selected in 2001 for the redevelopment of the Armory, and the Lease was executed in November 2006. Moreover, the Complaint alleges that in 2018, Plaintiff "began planning for its next major capital improvement project" which, among other things, required the basement to be renovated. Compl., ¶¶ 56-57. To the extent Plaintiff's planning for the capital improvement project in 2018 is the purported impetus for ceasing to renew the Greys' annual license and subsequently seeking to evict the Greys in 2022, understanding Plaintiff's organization and structure during this time period is highly relevant and proportional to the case.

Topic 2 seeks testimony regarding Plaintiff's (a) submission of a bid in response to ESD's Request for Proposals, as alleged in paragraphs 33-34 of the Complaint; and (b) understanding of Chapter 482, as alleged in paragraphs 35-40 of the Complaint. Once again, Plaintiff merely represents that it "is prepared to meet and confer concerning the scope of Topic 2," without any providing any further detail. Given that this Topic cites directly to several allegations in the Complaint, I do not understand any legitimate basis for Plaintiff's apparent refusal to designate any witness, as well as Plaintiff's objection that the Topic is somehow "not stated with reasonable particularity" under Rule 30(b)(6). Nor is there any basis for Plaintiff's objection on the basis that Chapter 482 "speaks for itself." The 2004 statute was the predicate for the 2006 Lease that is the basis of this lawsuit; Plaintiff's understanding of the implementing statute is highly relevant and proportional with respect to Plaintiff's expectations at the time Plaintiff negotiated the Lease with the State.

In response to Topics 3, 4, and 5, Plaintiff represents only that it "will produce one or more witnesses to testify regarding the non-objectionable and non-privileged scope," and "reserves the right to designate witnesses at a later date." Plaintiff's responses are deficient, and fail to satisfy Plaintiff's obligation under Rule 30(b)(6). First, Plaintiff's response fails to "designate" and identify any witness(es) that will be testifying. Plaintiff's vague representation that it "will produce one more" unidentified witnesses," and "reserves the right to designate witnesses at a later date," is deficient. Moreover, Plaintiff's response fails to specifically "set out the matters on which each person designated will testify." Indeed, Plaintiff's responses fail to even articulate what Plaintiffs deems the "non-objectionable and non-privileged scope" of each request. Defendant thus lacks any fair notice, in advance of the Rule 30(b)(6) deposition, as to what matters the designated witness(es) will agree to testify about. In order to avoid the need for the Court's intervention during the Rule 30(b)(6) deposition, during the parties' upcoming meet-and-confer discussion, I would request that more detail be provided regarding the scope of the designated testimony.

I am looking forward to further discussing these issues with you.

Very truly yours,

/s/___________________

Yuval Rubinstein
Special Litigation Counsel
(212) 416-8673
yuval.rubinstein@ag.ny.gov

**PROPOSED SEARCH TERMS:**

- Greys OR Grays
- KG OR “KGs” OR “KG’s”
- Rogatnick
- Menagon
- Pike
- Krueger
- Bores
- S.7212 OR S7212
- A.7686 OR A7686
- law OR legislation OR statute OR Senate OR Assembly (proposed time period time periods: January 1, 2004 to December 31, 2004; January 1, 2024 to December 31, 2024)
- Sarra OR Hale-Stern
- “Lease” and “ESD”
- “Lease” and “DMNA”
- “Community Board”
- Murphy (Eileen Murphy, Greys president in 2006; proposed time period: January 1, 2004 to December 31, 2007)
- Bright (Margaret Mary Bright, Greys president in 2007; proposed time period: January 1, 2004 to December 31, 2007)
- Friess (Michael Friess, former DMNA Director of Facilities Management; proposed time period: January 1, 2004 to December 31, 2007)
- Mildenberger (Eileen Mildenberger, former ESD COO; proposed time period: January 1, 2001 to December 31, 2007)
- Berens (Carol Berens, former ESD Vice President; proposed time period: January 1, 2001 to December 31, 2007)
- Sherman (William Sherman, former ESD Vice President; proposed time period: January 1, 2001 to December 31, 2007)
- Gargano (Charles Gargano, former ESD Chairman; proposed time period: January 1, 2001 to December 31, 2007)
- Taluto (Joseph Taluto, former Adjutant General of DMNA; proposed time period: January 1, 2004 to December 31, 2007)
- Bing (Jonathan Bing, Assembly member who sponsored 2004 statute; proposed time period: January 1, 2004 to December 31, 2004)
- S.7750 OR S7750 (proposed time period: January 1, 2004 to December 31, 2004)
- A.11817 OR A11817 (proposed time period: January 1, 2004 to December 31, 2004)

# EXHIBIT D

**From:** Jacob M. Sievers
**To:** Rubinstein, Yuval
**Cc:** Joshua E. Hollander
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight
**Date:** Monday, June 15, 2026 5:44:10 PM
**Attachments:** image004.png
loeb-signature_000d7d87-4e7e-41bb-ae49-14a9072d3597.png

---

Hi Yuval,

We are signed off on the protective order and you may /s/ and file on our behalf. We propose that the Conservancy's 30(b)(6) deposition take place on Wednesday, July 15. Finally, we anticipate making a substantial document production by no later than next week.

Best,
Jacob

**Jacob M. Sievers**

*Attorney At Law*

345 Park Avenue | New York, NY 10154
**Direct Dial:** +1 212-407-4127 | **Fax:** 212.407.4990 | **E-mail:** jsievers@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Tysons** | **Beijing** | **Hong Kong** | **www.loeb.com**

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Monday, June 15, 2026 2:02 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>; Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Good afternoon Josh and Jacob:

I wanted to touch base on a few issues we had discussed a few weeks ago: (1) the protective order on confidential information that I sent to you (2) the Conservancy's response to ESD's proposed ESI parameters, and (3) proposed dates in July for Rebecca Robertson's Rule 30(b)(6) deposition.

Thanks,
Yuval

**From:** Rubinstein, Yuval
**Sent:** Monday, June 1, 2026 2:47 PM
**To:** 'Joshua E. Hollander' <jhollander@loeb.com>; Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Thanks, Josh. Talk to you then.

Best,
Yuval

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Monday, June 1, 2026 2:30 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>; Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Hi Yuval, tomorrow at 11am works for us.

Thanks,
Josh

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Monday, June 1, 2026 2:23 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>; Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Good afternoon Josh and Jacob:

I hope you are both doing well. I am following-up to confirm your availability for the resumed meet-and-confer discussion that I had proposed on May 22 for tomorrow at 11am. I am optimistic that we can continue our productive discussion regarding the April 28 letter, and without Defendant needing to seek the Court's intervention to schedule the resumed discussion.

Best,
Yuval

**From:** Rubinstein, Yuval
**Sent:** Friday, May 22, 2026 11:36 AM
**To:** Joshua E. Hollander <jhollander@loeb.com>; Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Good morning Josh and Jacob:

It is unfortunate (and prejudicial to my client) that the parties' meet-and-confer discussion was not resumed, after I made multiple good-faith attempts to schedule the discussion over the past week. I will be out of office this afternoon as well as next week, so in the interest of expeditiously moving forward with discovery, I have proposed a meeting for June 2 at 11am, and have sent an invite.

In addition, I would request that Plaintiff produce the responsive documents that Plaintiff had agreed to produce in its April 13 responses (as summarized in ¶ A(2) and (3) of my April 28 letter), and to provide a response to Defendant's proposed ESI parameters served on April 28. I also wanted to follow-up on the protective order that I emailed earlier this week.

I hope you each have a good holiday weekend.

Best,
Yuval

---

**From:** Rubinstein, Yuval
**Sent:** Thursday, May 21, 2026 1:54 PM
**To:** 'Joshua E. Hollander' <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Hi Josh, that is fine. Would 3 or 3:30pm work?

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Thursday, May 21, 2026 1:52 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Yuval, apologies, I am dealing with an unexpected emergency -- it is possible to move our meet and confer to later today? Thanks very much.

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Thursday, May 21, 2026 8:09 AM
**To:** Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>

**Subject:** Re: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

That works for me. Thanks Josh.

Get Outlook for iOS

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Wednesday, May 20, 2026 9:04:39 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** Re: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Tomorrow at 2pm works if still good for you. Thanks.

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Wednesday, May 20, 2026 7:33:21 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** Re: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Hi Josh, just following-up on your availability tomorrow. As I mentioned during this morning's conference, I will be out next week, so I am hopeful we can conclude our discussion this week. Thanks.

Yuval

Get Outlook for iOS

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Wednesday, May 20, 2026 10:43 AM
**To:** Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Hi Josh, would tomorrow at 2pm work?

Best,
Yuval

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Wednesday, May 20, 2026 9:59 AM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Hi Yuval, can we continue our meet and confer tomorrow? My day tomorrow is open. Thanks.

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Tuesday, May 19, 2026 1:05 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Hi Josh, I am following-up regarding your availability to resume the meet-and-confer discussion this week. And per our discussion from last week, please find attached the draft protective order, using Judge Moses' model (with apologies for any formatting issues).

Best,
Yuval

---

**From:** Rubinstein, Yuval
**Sent:** Friday, May 15, 2026 3:38 PM
**To:** 'Joshua E. Hollander' <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Thanks, Josh. Would Tuesday at 11am work? I am also generally available in the afternoon on Tuesday, as well as Wednesday after the conference, if there is a more convenient time.

Best,
Yuval

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Friday, May 15, 2026 3:11 PM

**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Thanks Yuval; we will finalize and e-file the joint status report/amended proposed scheduling order. How is Tuesday or Wednesday to continue the meet and confer?

Thanks,
Josh

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Friday, May 15, 2026 11:57 AM
**To:** Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

Hi Josh, thanks for drafting the joint status report and proposed amended scheduling order. I just had one small non-substantive edit, and the report and proposed order look good for filing.

I also wanted to touch base regarding your availability next week to resume our meet and confer discussion. I am out Friday, but otherwise available.

Thanks,
Yuval

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Friday, May 15, 2026 12:48 AM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** Seventh Regiment Armory Conservancy, Inc. v. Hope Knight

**[EXTERNAL]**

Hi Yuval,

Attached is a draft joint status report and a proposed amended scheduling order. Please let us know if you have any edits or comments. Happy to discuss.

Thanks,
Josh

**Joshua E. Hollander**

*Partner*

345 Park Avenue | New York, NY 10154
**Direct Dial:** +1 212-407-4046 | **Fax:** 212.407.4990 | **E-mail:** jhollander@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Tysons** | **Beijing** | **Hong Kong** |
**www.loeb.com**

CONFIDENTIALITY NOTICE: This email, including its attachments, is from a law firm and may contain material that is confidential, attorney-client privileged, and/or attorney work product. If you are not the intended recipient, you may not review, copy, forward or otherwise distribute this email. If you received this email in error, please notify the sender immediately and delete all copies from your system.

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

# EXHIBIT E

**From:** Rubinstein, Yuval
**To:** Joshua E. Hollander; Jacob M. Sievers
**Subject:** RE: Armory Conservancy, Inc. v. Knight - Armory Production
**Date:** Thursday, August 6, 2026 5:19:00 PM
**Attachments:** image001.jpg

---

Josh and Jacob:

I have now reviewed the 37 documents that were recently produced. The Conservancy's production is not consistent with the representations you made during the parties' meet-and-confer discussions on May 11 and June 2, or the representations made to the Court at the May 20 conference. In particular, the production does not appear to include any documents responsive to ESD Document Request Nos. 10, 12, 13, 14, 15, 17, 19, 20, 22, 24, 25, 26, 27, 29, 30, 32, 33, 36, 37, 43, 44, 45, 48, 52, 53, 55, 56, 57, 58, 59, 60, 61, 62, and 64. And to the extent you represent that no responsive documents exist with respect to any of these foregoing requests, you have not provided any written confirmation. Moreover, the Conservancy's production, to the extent it could be construed to be responsive to Request Nos. 21, 38, 39, 40, 46, 47, 49, 50, 51, 54, and 63, is wholly deficient and incomplete.

ESD has discharged its meet-and-confer obligation, based upon the April 28 letter and the extensive discussions on May 11 and June 2 concerning these document requests. Accordingly, ESD will be raising this issue with the Court in the joint status letter to be filed by August 12 and at the August 19 conference.

Yuval

---

**From:** Jacob M. Sievers <jsievers@loeb.com>
**Sent:** Tuesday, August 4, 2026 11:40 AM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Joshua E. Hollander <jhollander@loeb.com>
**Subject:** RE: Armory Conservancy, Inc. v. Knight - Armory Production

Ok. I will let him know separately that he will hear from someone on your end.

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Tuesday, August 4, 2026 11:38 AM
**To:** Jacob M. Sievers <jsievers@loeb.com>
**Cc:** Joshua E. Hollander <jhollander@loeb.com>
**Subject:** RE: Armory Conservancy, Inc. v. Knight - Armory Production

Thanks Jacob. Unfortunately I was not able to access the production with that password, and our IT department was also unable. So I will have someone from our IT department reach out to Matt Schneider at Transperfect to access the documents.

Best,
Yuval

---

**From:** Jacob M. Sievers <jsievers@loeb.com>
**Sent:** Friday, July 31, 2026 5:57 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Joshua E. Hollander <jhollander@loeb.com>
**Subject:** Armory Conservancy, Inc. v. Knight - Armory Production

**[EXTERNAL]**

Hi Yuval,

Below is a link to access the "ParkAvenueArmory1" production, which is governed and protected by the parties' Stipulated Protective Order dated June 16, 2026 and so-ordered by Judge Moses on June 17, 2026.

https://share.transperfect.com/register/b1292ab1-9689-4062-0a88-08dee37fb8d1

Production Summary:

Begin Bates: PAA_00000001
End Bates: PAA_00000473
Total Docs: 37

If you have any issues accessing the production, please let us know.

Thanks,
Josh

**Jacob M. Sievers**

*Attorney At Law*

345 Park Avenue | New York, NY 10154
**Direct Dial:** +1 212-407-4127 | **Fax:** 212.407.4990 | **E-mail:** jsievers@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Tysons** | **Beijing** | **Hong Kong** | www.loeb.com

CONFIDENTIALITY NOTICE: This email, including its attachments, is from a law firm and may contain material that is confidential, attorney-client privileged, and/or attorney work product. If you are not the intended recipient, you may not review, copy, forward or otherwise distribute this email. If you received this email in error, please notify the sender immediately and delete all copies from your system.

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

# EXHIBIT F

**From:** Rubinstein, Yuval
**To:** "Joshua E. Hollander"
**Cc:** "Jacob M. Sievers"
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report
**Date:** Tuesday, August 4, 2026 11:40:00 AM
**Attachments:** image001.png

Good morning Josh and Jacob:

I just wanted to follow-up from last week's discussion regarding the hit report for the search terms with a year-by-year breakdown. Thanks so much.

Best,
Yuval

---

**From:** Rubinstein, Yuval
**Sent:** Tuesday, July 28, 2026 2:18 PM
**To:** 'Joshua E. Hollander' <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report

Thanks, Josh. I look forward to further discussing the costs associated with TAR, as well as the status of the Conservancy's document production.

Best,
Yuval

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Tuesday, July 28, 2026 12:59 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report

Hi Yuval,

Apologies for the delay in getting back to you.

Our client does not agree to use Technology Assisted Review (TAR) as a substitute for ESD narrowing its search terms. As we discussed, ESD's current search terms are overbroad and are generating an excessive number of irrelevant and non-responsive documents. Additionally, using TAR would require our client to incur unnecessary e-discovery costs, which are not warranted in this matter.

Let's plan to discuss further during our call this afternoon.

Thanks,
Josh

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Thursday, July 23, 2026 4:18 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>; Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report

Josh and Jacob:

I am following-up regarding my question on the potential use of TAR, as well as the status of the Conservancy's document production, as we discussed on July 9.

Yuval

---

**From:** Rubinstein, Yuval
**Sent:** Tuesday, July 14, 2026 1:44 PM
**To:** 'Jacob M. Sievers' <jsievers@loeb.com>
**Cc:** 'Joshua E. Hollander' <jhollander@loeb.com>
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report

Good afternoon Josh and Jacob:

As a follow-up to our conversation from Thursday regarding ESI search terms, I wanted to check whether your client is amenable to using Technology Assisted Review to continue the process, in lieu of proposing additional connectors for ESD's search terms. I am also available this week to discuss except Thursday afternoon.

Thanks,
Yuval

---

**From:** Rubinstein, Yuval
**Sent:** Thursday, July 9, 2026 1:19 PM
**To:** 'Jacob M. Sievers' <jsievers@loeb.com>
**Cc:** Joshua E. Hollander <jhollander@loeb.com>
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report

Hi Jacob, I am available at 4:30. Thanks.

---

**From:** Jacob M. Sievers <jsievers@loeb.com>
**Sent:** Thursday, July 9, 2026 1:05 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Joshua E. Hollander <jhollander@loeb.com>
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report

Hi Yuval,

Are you available this afternoon at 4 or 4:30 for a call?

Thanks,
Jacob

**Jacob M. Sievers**

*Attorney At Law*

345 Park Avenue | New York, NY 10154
**Direct Dial:** +1 212-407-4127 | **Fax:** 212.407.4990 | **E-mail:** jsievers@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Tysons** | **Beijing** | **Hong Kong** | www.loeb.com

---

**From:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Sent:** Monday, July 6, 2026 6:40 PM
**To:** Joshua E. Hollander <jhollander@loeb.com>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** RE: Seventh Regiment Armory v. Knight / Search Terms Hit Report

Thanks, Josh. I am generally available to discuss on Wednesday afternoon, and all day Thursday except 11am-noon.

Best,
Yuval

---

**From:** Joshua E. Hollander <jhollander@loeb.com>
**Sent:** Monday, July 6, 2026 4:32 PM
**To:** Rubinstein, Yuval <Yuval.Rubinstein@ag.ny.gov>
**Cc:** Jacob M. Sievers <jsievers@loeb.com>
**Subject:** Seventh Regiment Armory v. Knight / Search Terms Hit Report

**[EXTERNAL]**

Hi Yuval,

Hope all is well. Attached is a search terms hit report based on ESD's proposed search terms. Please let us know if you are available on Wednesday or Thursday this week to discuss.

Thanks,
Josh

**Joshua E. Hollander**

*Partner*

345 Park Avenue | New York, NY 10154
**Direct Dial:** +1 212-407-4046 | **Fax:** 212.407.4990 | **E-mail:** jhollander@loeb.com
**Los Angeles** | **New York** | **Chicago** | **Nashville** | **Washington, DC** | **San Francisco** | **Tysons** | **Beijing** | **Hong Kong** | www.loeb.com

CONFIDENTIALITY NOTICE: This email, including its attachments, is from a law firm and may contain material that is confidential, attorney-client privileged, and/or attorney work product. If you are not the intended recipient, you may not review, copy, forward or otherwise distribute this email. If you received this email in error, please notify the sender immediately and delete all copies from your system.

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.